[No. 11781. Department One. — July 9, 1887.]

## ALICE M. VALENSIN, APPELLANT, *v.* GUILIO VALENSIN, RESPONDENT.

DIVORCE — EXTREME CRUELTY — PHYSICIAN — PRIVILEGE — HYPOTHETICAL QUESTION — EVIDENCE. — The action was brought by a wife for a divorce on the ground of cruelty. On the trial, a physician, who had acted professionally for each of the parties, was called as a witness for the plaintiff, and asked a hypothetical question as to the effect which would probably result to the plaintiff, in the condition in which he found her, from the acts of the defendant, which constituted the alleged cruelty. The plaintiff thereupon released the witness from any obligation of secrecy, but he refused to answer, on the ground that he might be compelled on cross-examination to reveal professional secrets confided to him by the defendant. *Held*, that the question did not concern a privileged matter, and that the court erred in not compelling an answer.

ID. — IMPEACHING WITNESS — REJECTION OF TESTIMONY BEFORE QUESTION. — Where a proper foundation has been laid for the purpose of impeaching a witness, it is error to sustain an objection to the testimony offered for that purpose before any further question has been asked.

ID. — SUPPLEMENTAL COMPLAINT — NEW CAUSE OF ACTION — COMMENCEMENT OF ACTION. — Where a supplemental complaint setting up a new cause of action is filed in an action of divorce, the action as to the new ground of complaint must be considered as being commenced when the supplemental complaint was filed.

ID. — SEPARATION OF PARTIES — INFLICTION OF CRUELTY PENDING — QUES-
TION FOR COURT. — In such an action, the question whether a false and
malicious charge made by the defendant against the plaintiff, after they
had actually separated, would be less apt to inflict grievous mental
anguish for that reason, is for the trial court to determine, in view of all
the facts.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. H. Beatty*, and *S. C. Denson*, for Appellant.

*A. P. Catlin*, and *Grove L. Johnson*, for Respondent.

TEMPLE, J. — Action for a divorce on the ground of cruelty, which consisted in a course of treatment on the part of defendant, causing grievous bodily suffering and grievous mental anguish.

On the trial, Dr. Simmons was called as a witness for plaintiff. He stated that he had attended both plaintiff and defendant professionally. He was asked as to the condition of plaintiff's health. Witness declined to answer, unless he was assured by the court he would not be cross-examined, averring that he might be required to state, on such cross-examination, matters which had been confided to him professionally.

Plaintiff was personally present in court, and her counsel then released the witness from any obligation to secrecy. Counsel then stated: —

"We expect to ask his professional opinion as to whether, in the condition of health in which she was, it would have been seriously detrimental to her health to be subject to annoyance, excitements, threats, and the anxiety caused by such threats. We do not propose to ask what was the cause of her ill-health, but whether, in the condition in which he found her, her health was likely to be seriously injured by being subjected to the said harassing trouble that we think she was about that time subjected to."

Evidence had been introduced tending to show conduct on the part of defendant of the character charged in the complaint, and that its effect on the plaintiff had been to produce nervous excitement and exhaustion.

A hypothetical question was then propounded, which had reference entirely to the effect which would probably result to plaintiff in her then condition from the acts (which were specially recited) which plaintiff claimed to have proven.

The question did not involve the statement of any matter which the witness had learned from the defendant. The witness did not in fact claim that it did. On the contrary, he would willingly consent to answer, if the court would protect him from cross-examination, which might, as he thought, make it necessary for him to reveal professional secrets confided to him by defendant.

The court was asked to compel the witness to answer, but declined, and plaintiff excepted. In this, we think, the court erred. The matter was material and relevant. The form of the final question was objectionable, but no objection was interposed. Had there been, the objection could easily have been avoided by a new question. As the matter was material and relevant, the witness should have answered, and the court erred in not compelling it.

If the defendant had insisted, on cross-examination, upon a disclosure of matters confided by himself to his physician, that would have absolved the physician from the obligation. But in any event it would have been time enough for the witness to object when he was asked to make such disclosures. It may be true that the witness would be protected, not only from the necessity of telling what was said by his patient, but also from stating facts which would, in effect, amount to a betrayal of confidence. But here, confessedly, the answer sought was not of that character.

We think there was also error in refusing to allow the

evidence offered for the purpose of impeaching the witness Moore. The attention of witness had been called to the time, the place, and the circumstances of the alleged statement. After the impeaching witness had stated that she remembered the occasion, objection was made to the testimony, and sustained, before any further question was asked. It could not have been assumed in advance that the question to be asked would be improper.

Whether it was correct, as a matter of practice, to allow a supplemental complaint to be filed, is not involved on this appeal. We see no reason, however, why it may not be allowed on proper terms. It was done in this case, and the action as to the new ground of complaint set up must be considered as being commenced when the supplemental complaint was filed.

Whether the false and malicious charge, made after the actual separation of the parties, would be less apt to inflict grievous mental anguish for that reason, was for the trial court to determine, in view of all the facts.

Order and judgment reversed, and new trial ordered.

McKinstry, J., and Paterson, J., concurred.

Hearing in Bank denied.