No. 2580

## PEASE v. PEASE

August 6, 1923.                    217 Pac. 239.

1. Husband and Wife—Decree of Court of Another State for Separate Maintenance Held Not Res Judicata of Facts Occurring since Decree.

   The record of a decree of an Illinois court granting defendant separate maintenance could not operate as res judicata of facts relied on by plaintiff as grounds for divorce and alleged to have been done subsequent to the Illinois decree.

2. Divorce—Judgment for Defendant Based on Decree Constituting Recriminatory Defense Inconsistent with Finding Defendant Guiltless of Acts Charged in Complaint.

   In an action for divorce, held, that the trial court properly refused to render judgment for defendant wife on the ground that the record of a decree of an Illinois court for separate maintenance constituted a recriminatory defense, where such judgment would be wholly inconsistent with the finding that defendant was guiltless of the acts alleged against her in the complaint.

3. Divorce—Neither Spouse Entitled to Divorce when Both Guilty of Misconduct Constituting Ground for Divorce—"Recriminatory Defense."

   A "recriminatory defense" is established when both spouses have been guilty of misconduct which would be good ground for divorce, and in such a situation neither is entitled to a divorce upon the principle that he who comes into a court of equity must come with clean hands.

4. Divorce—"Recriminatory Defense" Does Not Operate as Plea in Bar Unless Defendant Guilty of Misconduct Alleged in Complaint.

   A "recriminatory defense" is a plea in bar, but it cannot operate as such unless defendant is guilty of the misconduct alleged in the complaint.

5. Trial—Defendant Entitled to Nonsuit or Dismissal on Motion where Plaintiff Failed to Establish Case.

   Where plaintiff failed to prove his case, defendant was on motion under civil practice act, sec. 295, subd. 5, entitled to a nonsuit or dismissal.

6. Trial—Judgment of Dismissal of Plaintiff's Case Held in Effect Equivalent to Granting of Defendant's Motion for Nonsuit.

   Even though the trial court may have denied a motion for nonsuit or dismissal (Civ. Prac. Act, sec. 295, subd. 5) in the

first instance it could have granted it in any subsequent stage of the proceedings; and where a judgment dismissing plaintiff's case was rendered, based on the failure of plaintiff to make out his case, the judgment had that effect.

7. JUDGMENT—VALIDITY OF JUDGMENT PRESUMED.
    Every presumption is in favor of the validity of a judgment.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by Suel E. Pease against Mae Pease. From a decree dismissing the action without prejudice, defendant appeals. **Affirmed.**

*Ayres & Gardiner,* for Appellant:

Nonsuit cannot be granted except as provided by statute. Rev. Laws, 5237; Burns v. Rodefer, 15 Nev. 63.

Dismissal is equivalent to nonsuit. 18 C. J. 1145.

Nonsuit cannot be granted after case has gone to jury. Danforth v. Danforth, 40 Nev. 442. The plaintiff cannot dismiss suit after decison by court where case is tried without jury. 29 Ann. Cas. 1913D, 527–528.

Verdict by jury is equivalent to decision by court.

The rule of recrimination is fully established in this country as defense in bar, though relaxed where "comparative rectitude" of parties is considered (9 R. C. L. sec. 180), on doctrine that he who seeks equity must come with clean hands. 19 C. J. 93. Recrimination may be established by record of another court, and requires same quantum of evidence as if charged as ground for divorce. 9 R. C. L. p. 388.

Refusal to cohabit after decree of separation is not desertion. Allegations based thereon cannot possibly be true.

A question of fact or law properly in issue, determined by competent court, is conclusively settled, and cannot thereafter be raised between same parties. Vickers v. Vickers, 45 Nev. 274–288. It is then res adjudicata.

No judgment of dismissal or nonsuit is bar to another suit upon same cause of action. Laird v. Morris, 23 Nev. 37.

*John S. Sinai* and *Platt & Sanford,* for Respondent:

There is ample authority for trial court's refusal to grant nonsuit. Toulouse v. Pare, 37 Pac. 146; 18 C. J. 1178, 1198.

The lower court's rulings are presumed to be correct. Raine v. Ennor, 39 Nev. 365; 2 R. C. L., sec. 186. Unless error appears in record. 2 R. C. L., sec. 184. Burden is on appellant to show error. 2 R. C. L., p. 221.

The court can use peculiarly wide discretion in divorce case. 9 R. C. L., par. 11.

Nonsuit results from plaintiff's failure to prove his case. It is not judgment on merits. Laird v. Morris, 23 Nev. 37; 14 Cyc. 391. It is without prejudice. 19 C. J. 148. Is reviewable by plaintiff if made against his protest. 9 R. C. L., sec 38. But not if made at his instance. 2 R. C. L., sec. 43. Nor by defendant, if made with his consent or in his favor. 3 C. J. 333. Nor unless abuse of discretion is clearly shown. 18 C. J., sec. 128.

Res adjudicata has been fully defined. Gulling v. Bank, 29 Nev. 257.

Findings of fact are not necessary or proper on nonsuit. Toulouse v. Pare, supra; 18 C. J. 201; 18 C. J. 1204. Defendant below did not plead recriminatory acts after Illinois decree. She cannot rely on acts on which that decree was based, as recriminatory in subsequent suit by plaintiff upon acts happening after that decree.

Burns v. Rodefer was decided on merits; and Danforth v. Danforth (cited by counsel) reaffirmed that "every presumption is in favor of court's action."

By the Court, DUCKER, C. J.:

This is an appeal taken by the defendant from a decree dismissing an action for divorce. It is set out in the decree that the dismissal is without prejudice to the plaintiff to start a new suit with the same cause of action set forth in his amended complaint in the event a reconciliation cannot be had between the parties. The action was brought on the ground of extreme

cruelty alleged to have been committed by the defendant after a decree for separate maintenance had been made and entered in favor of the defendant and against the plaintiff by the court of Sangamon County, State of Illinois, on the 3d day of May, 1919. In this connection it is alleged that prior to said date, and ever since, the parties have been living separate and apart from the other. The acts of cruelty alleged are denied in the answer, and nonsupport and wilful desertion for more than one year prior to the filing of the complaint, and the pleadings in the suit and decree for separate maintenance in the circuit court of the State of Illinois, in and for the county of Sangamon, are set up as affirmative defenses.

The prayer of the answer asks that plaintiff take nothing by his said case and that defendant be dismissed with her costs, and for all other proper orders, and for general relief.

The trial court found that the jurisdictional facts alleged in the complaint were true, but that the acts of cruelty charged therein were not true. It also found the allegations of wilful desertion in a supplemental complaint to be untrue.

As to the issues raised by the answer, the trial court found that the affirmative defense of nonsupport was untrue, except that since September 22, 1922, plaintiff has paid to the defendant on account of the said Sangamon County decree the sum of only $160. No finding was made as to the affirmative defense of wilful desertion. The trial court found that all of the allegations of the affirmative defense setting up the record of the circuit court of Sangamon County, State of Illinois, are true, and that the copies of such record attached to defendant's answer are full, true, and correct copies; but it is of the opinion, as evidenced by the findings and conclusions of law, that such record is not sufficient to establish a recriminatory defense, or the defense of res adjudicata.

The defendant contends that it is sufficient, and that on the findings she is entitled to a judgment on the

merits; that in this respect the court erred in dismissing the case without prejudice to the plaintiff to start a new suit with the same cause of action in the event a reconciliation cannot be had between the parties.

1-5.   The record of the Illinois court could not operate as res adjudicata of the facts involved for one reason, at least, that the acts relied on as extreme cruelty are alleged to have been done subsequent to the decree of separate maintenance.   If the court had rendered judgment for the defendant on the ground that the record of the Illinois court constituted a recriminatory defense, it would have been wholly inconsistent with the finding to the effect that defendant was guiltless of the acts alleged against her in the complaint.   A "recriminatory defense" is established when both spouses have been guilty of misconduct which would be good ground for a divorce.   In such a situation neither is entitled to a divorce upon the familiar principle that he who comes into a court of equity must come with clean hands.   It is a plea in bar and was so pleaded by the defendant, but it cannot operate as a plea in bar unless the defendant was guilty of the misconduct alleged in the complaint, which she denies, and on this issue the court found in her favor.   Had she pleaded the facts set out in the affirmative defenses as grounds for divorce and had asked in her answer that a divorce be awarded her on such grounds, a different question would be presented.   But they were pleaded as recriminatory defenses, and a dismissal of the action asked for.   It is therefore apparent that the trial court, being of the opinion that the plaintiff had failed to prove a sufficient case for the court, could have rendered no other judgment than it did.   The defendant was entitled to a nonsuit or dismissal upon motion under the provisions of subdivision 5 of section 295, civil practice act (Rev. Laws, 5237).

6, 7.   The record is silent as to whether such motion was made by the defendant, but counsel for the parties in their briefs state that it was made by the defendant, her counsel asserting that it was denied, and counsel

for plaintiff claiming that action on the motion was held in abeyance. Even though the court may have denied the motion in the first instance, it could have granted it at any subsequent stage of the proceedings, and the judgment, based as it is on the failure of the plaintiff to make out a case, has that effect. Every presumption is in favor of the validity of the judgment. Raine v. Ennor, 39 Nev. 365, 158 Pac. 133.

The judgment should be affirmed, and it is so ordered.