[L. A. No. 8804.   Department One.—February 28, 1928.]

HAZELLE M. RANDALL, Respondent, v. JAMES W. RANDALL, Appellant.

Tobias R. Archer for Appellant.

Jesse R. Shafer for Respondent.

PRESTON, J.—Appeal in an action for divorce by defendant from order denying his motions to set aside alleged attempted service of summons and default judgment.

On July 19, 1920, plaintiff filed a complaint for divorce upon the grounds of cruelty and habitual intemperance, upon which no further action was ever taken. On March 2, 1922, she filed a so-called "supplemental complaint," praying for divorce upon the ground of desertion. Pursuant to order of the court, service of summons upon defendant was made by publication and by the mailing of a copy of the summons and so-called supplemental complaint to him in the care of his attorneys in Detroit, Michigan. On April 23, 1924, the cause came on for hearing. Plaintiff appeared and the court rendered an interlocutory judgment of divorce in her favor, based upon the ground of complaint set forth in the second pleading, and contained the following recital: "And it appearing that defendant was duly served with process and has not appeared or answered the supplemental complaint; that the default of defendant has been entered," etc.

Almost a year later, but before entry of final judgment, viz., April 17, 1925, plaintiff and defendant both being personally present in court and represented by counsel, defendant moved the court to quash the alleged attempted service of summons upon him and to set aside default and judgment entered against him. Both these motions were denied by the court and final judgment of divorce was entered on May 22, 1925, whereupon appeal was taken from the order denying said motions.

The original complaint appears in the judgment-roll, but no reference is made to it therein, and all orders, affidavits, and other papers are based upon and refer only to said so-called supplemental complaint. Section 410 of the Code of Civil Procedure provides that "A copy of the complaint must be served, with the summons, upon each of the defendants. . . . " The sole question here is whether the service made upon defendant in the manner above set

forth satisfied said provision of section 410. If it did, the court had jurisdiction to enter the default and render final judgment.

The second complaint, although designated "supplemental complaint," was in reality a substituted pleading, complete in itself. It stated the same cause of action, to wit, a cause of action for divorce, but, however, based upon a new ground of complaint, namely, desertion. It contained no reference to the allegations of the original complaint. As stated, it was complete in itself and alleged all necessary facts upon which to base jurisdiction of the court.

Had said second complaint been in reality a supplemental pleading, supplying facts occurring after the filing of the original pleading, supplementing the allegations thereof, it is plain that service of a copy of the original complaint would have been required to give the court jurisdiction. But where, as here, the complaint, irrespective of its erroneous title, is in itself a complete new pleading, alleging all necessary facts, it is the true complaint in the cause and the action as to the new ground set up therein must be considered as being commenced when said pleading is filed (*Valensin* v. *Valensin*, 73 Cal. 106, 109 [14 Pac. 397]); hence, service of a copy thereof is all that is required under the statute. Service of a copy of the original complaint would be wasted effort, for that pleading is dead, being superseded in its entirety by the new complaint. Said copy would be of no value to defendant for any purpose whatsoever, nor would it convey to him any other or further information relative to the allegations against him than is given him by service of a copy of the true pleading.

There is no merit in the contention that said service was void because, pursuant to order of the court, the summons and copy of complaint were mailed to defendant in care of his attorneys in Detroit, Michigan, instead of to his residence in that city, where, as here, a proper showing was made that, after due diligence, the exact residence of defendant in said city could not be found and he could be reached only through his said attorneys.

It is to be noted that a defendant served by publication only, on application made, under section 473 of the Code of Civil Procedure, to vacate a judgment against him and

to be allowed to answer to the merits, need not present any excuse for his failure to appear, except the fact that he was not personally served with summons and that in such case there is no presumption against him of knowledge of the proceedings or of inexcusable negligence on his part (*Gray* v. *Lawlor*, 151 Cal. 352 [12 Ann. Cas. 990, 90 Pac. 691]). Although defendant here was present in court for the special purposes of this proceeding, yet he made no attempt to take advantage of the provisions of the above statute, as he would doubtless have done had he really desired to answer to the merits of the cause.

The order and judgment are affirmed.

Seawell, J., and Curtis, J., concurred.

Hearing in Bank denied.