## D'ERRICO *v.* D'ERRICO

No. 2824

April 5, 1929.                                        276 P. 530.

*Brown & Belford* and *Walter M. Kennedy,* for Appellant:

*Platt & Sanford,* for Respondent:

## OPINION

By the Court, SANDERS, J.:

This is an appeal from a judgment and from an order denying the defendant wife's motion for a new trial in a divorce action tried to the court without a jury. Referring to the parties as "plaintiff" and "defendant," the facts in brief are as follows:

On June 15, 1925, the plaintiff filed a petition for divorce in the court of common pleas, Cuyahoga County, State of Ohio, alleging therein various acts of misconduct, neglect of duty, and cruelties of the defendant, of such nature as to force plaintiff to withdraw from the marital relation and to live separate and apart from the defendant since the 27th day of April, 1925. Upon

issues joined on the petition, answer, and reply, the petition of the plaintiff was dismissed and the defendant granted a decree against the plaintiff for separate maintenance, under the Ohio statute, which judgment or decree is now in force. Unquestionably the judgment determined that the plaintiff was the wrongdoer, and in effect that the plaintiff deserted the defendant on April 27, 1925, willfully and wrongfully and without just cause or excuse.

Thereafter the plaintiff took up his residence in Reno, Washoe County, Nevada, and on January 25, 1927, commenced this action for divorce upon various acts of misconduct, neglect of duty, and cruelties, of such nature and character which, he alleges in his complaint, constituted constructive desertion of plaintiff by the defendant, occurring on April 27, 1925. The petition in the Ohio suit shows that the plaintiff's complaint herein is predicated upon identically or substantially the same cause of action as that stated in his petition in the Ohio suit. The defendant, in her answer to the complaint herein, pleaded the desertion of plaintiff on April 27, 1925, as a recriminatory defense to the action, and set up the judgment roll in the Ohio suit as a bar and estoppel of plaintiff's right to recover in this action. The plaintiff, for reply to the answer, in effect admitted the pleadings in the Ohio suit, exhibited with and made a part of the defendant's answer, but so framed his reply as to put the defendant upon proof of all the allegations contained in her answer.

After issues were joined upon the pleadings, the plaintiff left Nevada and went back to the place of the marital domicile of the parties in Cleveland, Ohio. While there employed temporarily, with the intention of returning to Reno and to continue his residence therein, the defendant literally followed plaintiff upon the streets of Cleveland, chased him in and out of office buildings, annoyed him at the home of his brother, at which he was stopping, and carried her nagging and annoyance to such an extent as to make it necessary for him to appeal to the

authorities of Cleveland for protection. Subsequently the plaintiff returned to Reno and filed a supplemental complaint in this action, specifying in detail the manner, time, place, and character of such nagging and annoyance committed by the defendant after the filing of his complaint, and alleged that they were of such character as to constitute extreme cruel treatment, causing him serious mental anguish, pain, and suffering, and making further cohabitation with the defendant positively unbearable and unendurable. The defendant answered the supplemental complaint, and for answer denied its allegations, and by way of recrimination pleaded the willful and wrongful desertion of the defendant by plaintiff, without just cause or excuse on April 27, 1925, and prayed dismissal of the plaintiff's action. Plaintiff for reply denied the allegations contained in the answer to the supplemental complaint, and reiterated his prayer for judgment contained in his original complaint.

The court permitted the case to be tried as though there had never been a former trial between the parties. In its findings of fact the court followed closely the averments contained in the plaintiff's supplemental complaint, and found them to be true. The court also made a finding, which reads as follows: "That the affirmative defense of res adjudicata, estoppel, and bar addressed to the cause of action alleged in plaintiff's complaint are sustained by the evidence." Upon its findings of fact and conclusions of law, judgment was rendered in favor of the plaintiff and against the defendant for a divorce.

The trial court having decided and found from the evidence that the cause of action alleged in the plaintiff's original complaint was, in effect, barred by the former judgment in the Ohio suit, we do not perceive upon what principle it could have granted the plaintiff a divorce upon the various acts of misconduct and alleged cruelties committed by the defendant after the filing of the original complaint, as alleged in the supplemental complaint.

A supplemental complaint, as its name indicates, being merely an addition, or supplement, to the original bill, and the two constituting but one record, the new matter alleged in the supplemental bill did not and could not change the cause of action upon which the proceeding for divorce was founded, admittedly barred by the judgment in the Ohio suit. From the very allegations contained in the supplemental complaint, it is obvious that the subsequent acts complained of therein were pleaded and proved for the purpose of characterization of the previous relations between the parties and the earlier acts of cruelty decided and found by the court to have been adjudicated in the Ohio suit. As Mr. Bishop says: "Plainly the facts alleged and existing at the time of suit brought must be *the ground* of the proceeding, *yet* it is easy to see why they may not receive color as well from what has happened since as from what took place before." 2 Bishop on Divorce, sec. 657.

All of the issues involved in the action, including those joined by the original and supplemental complaints, were tried together as if there had never been a former judgment, and the court, having found that the plaintiff could not recover upon his original complaint because of the former judgment in the Ohio suit, plainly erred in granting to plaintiff a divorce upon the plaintiff's supplemental complaint, which must be given the same force and effect as though the acts therein complained of had been alleged in the original complaint. The defeat of the original and only cause of action by the defendant's plea of res adjudicata carried with it the supplemental complaint, which merely gave color to the acts of cruelty alleged in and existing at the time of suit.

It is manifest that the supplemental complaint did not propose a new cause of action. On the contrary, the various acts of misconduct on the part of the defendant were but the continuation of the general attitude of the defendant toward plaintiff for practically 15 years of the period of time the parties lived together. In this

situation the defendant's plea of res adjudicata, found to be established by the evidence, was as effectual a bar to the plaintiff's right to recover upon his supplemental complaint as it was to his original complaint.

Counsel for the plaintiff, upon the authority of Pease v. Pease, 47 Nev. 124, 217 P. 239, insists that the judgment of the Ohio court could not operate as a bar or estoppel to plaintiff's right to recover upon his supplemental complaint, because the acts complained of therein could not have been heard and determined in the Ohio suit. We do not consider the case of Pease v. Pease in point. Furthermore, if by this contention we are to infer that the trial court considered the defendant's acts of cruelty, committed after the filing of the original complaint, to be a new and substantial cause of action, the court was not authorized to grant a divorce upon such new cause of action. It is well settled that to permit a new cause of action, arising after the institution of the original suit, to be prosecuted by a supplemental bill, would be to violate the obvious principle that in every case the cause of action must exist at the time the suit is brought. Schwab v. Schwab, 96 Md. 592, 54 A. 653, 94 Am. St. Rep. 598. The case expressly holds that an entirely new case cannot be introduced by a supplemental bill, citing numerous cases to which reference is here made.

In view of the finding that the defendant's plea of res adjudicata, interposed to the original complaint, was established by the evidence, a decree based upon misconduct or cruelties committed after the commencement of the action cannot be sustained. The conclusion renders it unnecessary for us to consider other questions urged for the reversal of the judgment and order appealed from.

The judgment is reversed, and the cause is remanded, with directions to the lower court to dismiss the action.

DUCKER, C. J., and COLEMAN, J., concurring:

We concur in the order of reversal for the reasons given by Justice SANDERS. As it appears that both

parties have been guilty of matrimonial offenses constituting grounds for divorce, we also concur in the order on the authority of the case of Blankenship v. Blankenship, 51 Nev. 356, 276 P. 9, just decided by this court.

ON PETITION FOR REHEARING

September 13, 1929.

*Per Curiam:*

Rehearing granted.