# D'ERRICO *v.* D'ERRICO

No 2824

April 26, 1930.                                    287 P. 445.

(For for-
mer opinion, see 51 Nev. 363, 276 P. 530. See, also,
51 Nev. 76, 269 P. 26.)

*Brown & Belford* and *Walter M. Kennedy,* for Appel-
lant:

*Samuel Platt,* for Respondent:

**OPINION**

By the Court, SANDERS, J.:

In 1898, Joseph D'Errico intermarried with Maria T. D'Errico. The parties were residents of Cleveland, Ohio, and this was the marital domicile during all the time they lived together as man and wife. In 1925, the husband filed a petition for a divorce in the court of common pleas in and for Cuyahoga County, Ohio, alleging therein various acts of marital misconduct and cruelties on the part of the defendant of such nature and character as to force the plaintiff to withdraw from the marital relation and live separate and apart from the defendant since April 27, 1925. The defendant answered the complaint in which she specifically denied the various forms of cruelties alleged in the petition and alleged, among other things, that the plaintiff had on, to wit, April 27, 1925, deserted the defendant without just cause and without fault on her part, and prayed that the petition of plaintiff be dismissed and that she be

granted a decree as allowed and provided under the statutes of Ohio against the plaintiff for alimony or separate maintenance.

The Ohio court in its decree found the issues joined in favor of the defendant, denied plaintiff's petition for divorce, and awarded the defendant separate maintenance in the form of alimony.

Thereafter the plaintiff left Cleveland, Ohio, and came to Reno, Washoe County, Nevada. Having resided there for the statutory period of three months, on, to wit, January 25, 1927, he filed a complaint in the court below against his wife, residing in Ohio, for divorce. The complaint alleged various acts of cruelty, the same as those charged against her in his petition for divorce in the Ohio court, upon which he predicated a cause of action for "constructive desertion" occurring on April 27, 1925. In response to process, the defendant answered the complaint and, after denying the various acts of cruelties specified therein, she set up the judgment role in the Ohio court and alleged that by the judgment of the Ohio court the plaintiff was estopped and barred from alleging, proving, or attempting to prove any of the matters set out in his complaint. The answer also alleged that on the 27th day of April, 1925, the plaintiff willfully and wrongfully deserted and abandoned the defendant without fault on her part, and that such desertion had continued up to the present time and that, by the judgment of the Ohio suit, plaintiff was estopped and precluded from alleging, proving, or attempting to prove that he had not so deserted and abandoned the defendant. The plaintiff for reply denied the allegations of the answer and the legal effect of the Ohio decree as a defense or bar to his action and reiterated and reaffirmed all the allegations of his complaint, without specifically repeating them, and prayed that his complaint be granted.

No steps were taken by either party to have the case set for trial. While the case was at issue, the plaintiff left Reno, Nevada, and returned to Cleveland, Ohio, where the defendant resided.

In September, 1927, the plaintiff returned to Reno and filed a supplemental complaint in the Nevada action, specifying therein that while engaged in business temporarily in the city of Cleveland, Ohio, with the intention of returning to Reno, he was harassed, harangued, and annoyed by the defendant, which caused him serious humiliation and embarrassment, mental pain, anguish, and suffering. This general allegation was followed by statements of various acts of cruelty visited by the defendant upon the plaintiff while in Cleveland. The supplemental complaint concludes with the averment that said acts and attitude as alleged therein were and are but a continuation of the general attitude of the defendant during practically fifteen years of the period of time during which he lived with the defendant. Wherefore, the plaintiff prayed the relief demanded in both complaints.

For answer to the supplemental complaint, the defendant specifically denied all its allegations, and for defense and by way of *recrimination* alleged that the plaintiff on April 27, 1925, in the city of Cleveland, wrongfully, willfully, and without just cause deserted and abandoned the defendant against her will, and without her consent, and continued to so desert and abandon the defendant without her fault for a period of more than one year. Wherefore, she prayed that the plaintiff take nothing by his action and that said action be dismissed.

The plaintiff made reply to the defendant's answer to his supplemental complaint, and prayed that the relief demanded in his original and supplemental complaint be granted.

The case came on for trial to the court without a jury. After a full hearing, the court made and caused to be entered its findings of fact and conclusions of law, from which findings it appears that the court found, quoting its language: "That the affirmative defenses of res adjudicata, estoppel and bar addressed to the cause of action alleged in plaintiff's complaint are sustained by the evidence."

The court further found that the allegations contained

in the plaintiff's supplemental complaint were true, and in so finding followed closely its allegations. Thereupon, plaintiff was granted a decree of divorce, and the parties were restored to their original status of unmarried persons.

The defendant appealed from the judgment and from an order denying her motion for new trial.

Upon the former hearing, in the leading opinion, it was held in substance that where, in an action for divorce, the court found that the defendant's plea of res adjudicata, based upon a foreign judgment, interposed to the original complaint, was established by evidence, a decree based on misconduct or cruelties committed after filing of the original complaint could not be sustained, since a new cause of action arising after institution of the original suit could not be prosecuted by a supplemental bill, particularly where it was alleged in the supplemental bill that the defendant's subsequent conduct was but a continuation of the general attitude of the defendant toward the plaintiff during practically fifteen years of the period of time during which they lived together as husband and wife. D'Errico v. D'Errico, 51 Nev. 363, 276 P. 530.

Thereafter, and within the time prescribed by rule of court, the plaintiff filed a petition for rehearing asserting that a rehearing should be granted: First, for the reason that the ground upon which the judgment of a reversal was made to turn was not presented or argued. Second, for the reason that the cause of action stated in the original complaint was eliminated from the case by the court's express finding that the defendant's plea of res adjudicata based upon the Ohio judgment was sustained by the judgment. Third, that the decree in plaintiff's favor was based solely upon the issue joined on the supplemental complaint. Fourth, that the decision rendered is not the law of the case as made by the pleadings and findings. A rehearing was granted to afford counsel an opportunity to argue these questions.

Upon reexamination of the authorities, I am convinced

that the former holding was correct in every particular. At the outset I concede that in a proper case under our statute the court may permit a supplemental complaint alleging misconduct occurring after the filing of the original complaint in a divorce action. But I do not concede that a plaintiff is permitted to set up in a supplemental complaint subsequently occurring facts upon which a decree of divorce might be granted without reference to the original complaint. This is exactly what the learned trial court did in this case. It found that the defendant's plea of res adjudicata, based upon the Ohio decree, interposed as a defense to the original complaint, was sustained by the evidence, and, without reference to the original complaint, granted plaintiff a divorce upon subsequently occurring facts set up in his supplemental complaint. This was error. 19 C. J. 119, sec. 311.

If, as it is argued by counsel for plaintiff on rehearing, the case was tried upon the theory that the supplemental complaint stated a new and independent cause of action, which, without reference to the original complaint, entitled plaintiff to a divorce, then my associates are correct in holding that, it appearing that both parties are guilty of matrimonial offenses constituting grounds for divorce, neither are entitled to the relief prayed. Blankenship v. Blankenship, 51 Nev. 356, 276 P. 9.

I prefer, however, that my decision rest upon the proposition that the acts of matrimonial misconduct occurring in Ohio while the case was at issue in Nevada were alleged by way of supplemental complaint advisedly and in aid of the original complaint. In this I am supported by the allegations of the supplemental bill itself, wherein it is alleged in substance that the acts complained of therein were and are but a continuation of the general attitude of the defendant during practically fifteen years of the period of time during which they lived together. I am clearly of opinion that the defeat of the original complaint carried with it the supplemental complaint.

I have examined the California case cited and relied

upon by the learned counsel for plaintiff (Randall v. Randall, 203 Cal. 462, 264 P. 751), but do not consider it to be in point.

Entertaining these views, the judgment appealed from and the order denying defendant's motion for new trial must again be reversed, and the cause remanded.

It is so ordered.

DUCKER, C. J.: I concur in the order.

COLEMAN, J., concurring in the order of reversal:

In view of the fact that the cause of action pleaded in the original complaint is barred by the Ohio decree, I concur in the conclusion reached that the plaintiff cannot set up, by supplemental complaint, acts of cruelty alleged to have been committed after the filing of said original complaint.

I further concur in the order of reversal upon authority of the opinion in Blankenship v. Blankenship, 51 Nev. 356, 276 P. 9.