DELOSS MORRISON, Appellant, v. OLLIE M. MORRISON, Respondent.

**Kansas City Court of Appeals, May 6, 1895.**

**Divorce**: ADULTERY: EQUAL GUILT. A divorce will not be granted where both parties are guilty of a violation of the marital obligation. An applicant for divorce must be an innocent and injured party.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*J. B. Journey* for appellant.

The court erred in allowing defendant to testify over plaintiff's objection, "that plaintiff had committed adultery with one Flora Dale," and that plaintiff had "communicated to defendant a certain venereal disease," for the reason that the same is in the nature of a countercharge or recrimination, and should have been pleaded in defendant's answer. Plaintiff should have had an opportunity to defend himself against such

charges.    Stewart on Marriage and Divorce [Ed. of 1884], secs. 208, 291, 294, 295, 313, 317, 340, 343, 248; *Miller v. Miller*, 14 Mo. App. 423.

No attorney for respondent.

GILL, J.—This is a suit for divorce, based on the charge of adultery, alleged to have been committed by the defendant's wife.   The answer admitted the marriage, but denied the adultery.   At the trial in the court below, a divorce was denied, the bill was dismissed, and plaintiff appealed.

We are unable to say from the abstract of record furnished us upon what ground the decree of the lower court was made.   The finding and judgment of the court is not set out; it is stated simply that the plaintiff's bill was dismissed.   Besides, we are not furnished with a brief on the part of the defendant, while that of the plaintiff is very meagre and unsatisfactory.   It is claimed, however, that the evidence fully sustains the charge of the wife's adultery, and that, therefore, the court below should have granted the divorce.

The parties were married in the year 1884; and in the fall of the year 1891, they, with their two infant children, are found living together as husband and wife on a farm several miles from Nevada, Missouri.   At this time, the plaintiff practically abandoned his wife and children and went about the country—stopping a while at Fort Scott, Sedalia, Kansas City and later at Nevada.   He seems to have returned to them at intervals (stopping, however, for only a few hours) and to have contributed something, in a very small way, toward their support.   During the winter of 1891-2, Mrs. Morrison took her two children and went to Nevada, where she thereafter resided, occupying a rented house, and, the evidence tends to prove, supported herself and

children by washing for other people. On one occasion Morrison rejoined the family and lived with them for a few weeks. Subsequently, however, he again left them and was gone to the state of Kansas, or elsewhere, for several months. During all this time, the wife was left to do the best she could for the maintenance of herself and children, the husband, indeed, contributing almost nothing toward their support. He testified that up to the time he returned (in the fall of 1892) he discovered nothing wrong with his wife; and gave as his reason for not living with her, that she had become "unbearable" to him, or, to use his own words, "I had satisfied my mind that we couldn't live together peaceably, and, if I couldn't live with her peaceably, I wouldn't live with her at all."

During the winter of 1892–1893, and in the spring thereafter, Morrison lived apart from his wife and children, he boarding at the hotel and they stopping in a rented house. At that time, Morrison did little, if anything, toward the support of his wife and children. While detailing Morrison's conduct, it is also proper to say, that there was evidence tending to prove that he was, during this time, untrue to his marital vows in other respects than as mentioned above; that he cohabited with one or more women of immoral character and contracted a loathsome venereal disease, which was communicated to his wife.

On the other hand, plaintiff alleged in his petition, and introduced evidence tending to support the same, that, in May, 1893, Mrs. Morrison committed adultery with one Martin, with whom she went to Fort Scott and lodged in a hotel, registering as man and wife; and it was upon the truth of this charge that plaintiff relied to secure a divorce.

Admitting now the correctness of the charge last referred to—that the wife committed the said act of

adultery—and yet we must sustain the court's refusal to enter a decree of divorce. A divorce will not be granted where both parties are guilty of a violation of the marital obligation. The statute assigns several grounds authorizing a dissolution of the marriage relation; but if it shall be disclosed at the trial that both plaintiff and defendant have been guilty of one or more of the enumerated offenses, then the court will refuse to interfere and the suit will be dismissed. The applicant for divorce must be an "innocent and injured" party, otherwise he or she can get no relief. R. S. 1889, chap. 53; *Nagel v. Nagel*, 12 Mo. 53; 2 Bish., Mar. and Div. [Ed. 1891], sec. 398.

However guilty, then, the wife in this case may have been, there is abundant proof in this record to implicate the plaintiff husband in the like offense. There is strong evidence that he was guilty of deserting his wife, without legal cause or excuse, for the statutory period. The record discloses sufficient evidence to justify the trial court in finding his conduct to be such as to render her condition intolerable. The evidence shows that, on August 27, 1891, he left her with the two small children (the younger then less than three weeks of age), not even advising her whither he was going, and making no reasonable provision for their care and support. This absence, too, was continued, broken only by short calls, for nearly two years prior to the institution of this suit.

We may discard the evidence which plaintiff says was improperly admitted, and there yet remains ample to sustain the foregoing charges of the husband's guilty conduct.

We discover no reason for disturbing the judgment, and it will be affirmed. All concur.