# BLANKENSHIP *v.* BLANKENSHIP

No. 2838

April 5, 1929.                                    276 P. 9.

*Brown & Belford,* for Appellant:

*Cooke & Stoddard,* for Respondent:

## OPINION

By the Court, Ducker, C. J.:

This is an action for divorce. As the parties have
,been involved in former litigation with each other it
will be more convenient to refer to them as husband
and wife.

The husband's amended complaint charges extreme
cruelty. Part of the facts charged as such are alleged
to have occurred subsequent to May 9, 1927. In her
answer the wife denies the acts of cruelty charged, and
as an affirmative defense alleges extreme cruelty com-
mitted by the husband prior to May 9, 1927. In sup-
port of this defense she pleads two judgments rendered
by the superior court of California in and for the county
of San Diego. The first of these judgments was ren-
dered by the California court on July 22, 1925, in an
action brought by the wife against the husband for
separate maintenance on the ground of extreme cruelty
and adultery. In this action the husband was found
guilty of extreme cruelty and the wife was granted
separate maintenance. The second judgment was ren-
dered May 9, 1927, in an action for divorce brought by
the husband. In this latter action the wife filed a cross-
bill for a divorce. The California court found both
parties guilty of extreme cruelty and rendered judg-
ment in which relief was denied to either party. The
reply admitted all of the allegations in the answer con--
cerning the judgments of the California courts.

In the instant trial the court found that the California judgments had been rendered as alleged in the answer, but that the wife had been guilty of acts committed since May 9, 1927, amounting to extreme cruelty, and granted the husband a decree of divorce. From this decree, and the order denying her motion for a new trial, the wife has appealed.

██ The only question to be determined is whether the extreme cruelty on the part of the husband alleged in the answer and proved on the trial operates as a bar to his being granted a decree. It must be conceded that the judgments of the California court pleaded and proved furnish conclusive proof of the fact that the husband had been guilty of extreme cruelty towards his wife prior to May 9, 1927, as alleged in her answer. The rule of recrimination is, in our opinion, applicable to the case and operates as a bar to a decree of divorce. The fact that the acts on account of which the court granted a divorce to the husband were found to have been committed by the wife since the adjudication by the California court does not make the rule inapplicable. Where each of the spouses has been guilty of misconduct which is cause for divorce, neither is entitled to this remedy. This rule is established by the decided weight of American authority. Conant v. Conant, 10 Cal. 249, 70 Am. Dec. 717; Cushman v. Cushman, 194 Mass. 38, 79 N. E. 809; Green v. Green, 125 Md. 141, 93 A. 400, L. R. A. 1915E, 972, Ann. Cas. 1917A, 175; Church v. Church, 16 R. L. 667, 19 A. 244, 7 L. R. A. 385; Day v. Day, 71 Kan. 385, 80 P. 974, 6 Ann. Cas. 169; Kirn v. Kirn, 138 Va. 132, 120 S. E. 850; Morrison v. Morrison, 62 Mo. App. 299; Redington v. Redington, 2 Colo. App. 8, 29 P. 811; Smith v. Smith, 181 Ky. 55, 203 S. W. 884; Tillison v. Tillison, 63 Vt. 411, 22 A. 531; 2 Bishop on Marriage, Divorce, and Separation, secs. 337 to 409, inclusive. Tiffany on Domestic Relations (3d ed.), sec. 109, p. 281. The rule rests upon the equitable principle that one who invokes the aid of a court must come into it with clean hands.

██ Relief by divorce has been granted by some courts

to the party least in fault when both have shown grounds for divorce. This is called the doctrine of comparative rectitude. Counsel for respondent urge that this should be accepted as the true rule. By reason thereof he insists that the court had discretion to compare the faults of the parties and grant respondent a divorce notwithstanding the established cruelty of both. We cannot subscribe to this doctrine. As has been pertinently said, it is not a principle of the divorce law that if both are guilty the party who has sinned the least is entitled to a divorce.

Divorce is a remedy provided for an innocent party. A divorce for a guilty party is not contemplated by our statutes respecting this subject, which under certain conditions divest the guilty party of "all property and pecuniary rights and interests, and all rights touching the children, their custody and guardianship." Section 5841, Rev. Laws. If the doctrine of comparative rectitude is admitted it would render this provision of law ineffective.

In Conant v. Conant, supra, the court states the reasons why any conduct made a ground for divorce in a suit for dissolution will be adequate in bar. The court said: "In this state, the statute has specified certain acts or conduct which shall constitute grounds of divorce, and so far as the matrimonial contract is concerned, the courts cannot distinguish between them, whatever difference there may be in a moral point of view. The several offenses must, therefore, be held equally pleadable in bar to the suit for divorce—the one to the other, within the principle of the doctrine of recrimination. Aside from this consideration, it would seem to be correct in principle, that where the matter pleaded is such as would entitle the defendant to a decree, had it been presented in a bill brought by himself, the relief should be denied. Certain consequences are attached to the decree, independent of the dissolution of the marriage contract, and they are generally more favorable to the party obtaining the relief than to the contestant; but a decree cannot be granted in

favor of one, and afterwards in favor of the other, as the first would dissolve the marriage, and then no marriage would subsist, upon which the second decree could act; and a decree granting a divorce in favor of each, would be an anomalous proceeding."

The same view is expressed in Bishop on Marriage, Divorce, and Separation. In volume 2, secs. 395, 396, it is said: "In a dissolution suit for whatever cause, any conduct for which the law provides the same consequence will be adequate in bar, * * * Why? * * * If the law is not so, we have this perplexing state of things, that cross-suits may be brought, resulting in both parties being entitled to prevail; then, if dissolution decrees are rendered in favor of both, each is the guilty and each the innocent party under statutory and unwritten laws which leave to the innocent and to the guilty, after the divorce, different rights, duties, and pecuniary interests. The law, in most of our states, has no provision for the decree in favor of one of the parties to give way to that in favor of the other. There is a deadlock. And when this occurs, the movements of the court in the cause cannot do otherwise than stop. The cause cannot proceed to a decree. And this result shows, as distinctly as though the legislature had used the exact words, that the bar must be good; since, if it is not, the statutory and common-law provisions concerning collateral things can have no effect."

The reasoning of the foregoing authorities clearly shows the soundness of the doctrine of recrimination adopted by most of the American courts in divorce cases. It is necessarily opposed to any rule which would permit a court to compare marital offenses and say which of the two parties who had committed cause for divorce was the lesser offender and therefore entitled to a decree.

The doctrine of comparative rectitude repudiates the principle that divorce is a remedy provided for an innocent party. In this respect it runs counter to a prohibition which would seem to be necessarily implied from our statutes concerning divorce.

The judgment is reversed and the cause is remanded, with directions to the lower court to enter judgment for the appellant dismissing the action.

ON PETITION FOR REHEARING

September 13, 1929.

*Per Curiam:*

Rehearing denied.