225 P.2d 147

### CLARK v. CLARK.

No. 5304.

Supreme Court of New Mexico.

Dec. 9, 1950.

W. T. O'Sullivan, Albuquerque, for appellant.

J. Ernest Corey, Albuquerque, for appellee.

SADLER, Justice.

The question for decision is whether recrimination affords a valid defense in a suit for divorce sought on the ground of incompatibility since the decision of this court in Pavletich v. Pavletich, 50 N.M. 224, 174 P.2d 826.

The issue is squarely put in the case before us. The parties were married in September, 1926, and lived together as husband and wife for many years. However, for a short time before July 23, 1949, when the husband filed his complaint seeking a divorce, he and his wife had been living separate and apart. The divorce was sought upon the ground of incompatibility. There are no children of the marriage and on this appeal the wife, who defended unsuccessfully the husband's suit for divorce, makes no complaint against the division of property ordered, nor objects to the award of attorney's fees and alimony as being too small. In addition to a general denial the wife pleaded recrimination as an affirmative defense to the husband's complaint. She asked no af-

firmative relief beyond seeking by cross-bill a division of the community property, her attorney's fees and an award of alimony sufficient to support and maintain her. The decree was in the husband's favor for an absolute divorce on the ground of incompatibility. This appeal followed.

At the trial the wife, as defendant, tendered and offered to prove that the plaintiff had committed repeated acts of adultery with a named corespondent, registering with her as man and wife at hotels and tourist cabins in various towns and cities in New Mexico, and that any incompatibility existing between the parties to the suit had resulted "solely and entirely and directly from the insistence of the plaintiff upon his pretended right to engage in extra-marital adulteries" with the corespondent named. The plaintiff objected to the tender upon the ground that it was incompetent and immaterial as disclosed by a colloquy between court and counsel following the tender, to-wit:

"Mr. Scarborough: We would object of course to a showing in connection with those facts as stated by counsel on the ground that they are incompetent and immaterial, and have no bearing on the issues in this case.

"Mr. O'Sullivan: We also move to dismiss on the ground that it fails to appear from the evidence that the incompatibility existed without any fault on the part of the plaintiff as the cause thereof; but actually shows affirmatively that it exists entirely through the fault of the plaintiff, in the light of his insistence, as recounted in the tender of proof.

"The Court: As I understand, you object because there is already sufficient evidence to show incompatibility.

"Mr. Scarborough: Yes, your Honor.

"The Court: This would merely be cumulative evidence, and you object to it as immaterial, is that right?

"Mr. Scarborough: Yes, sir.

"The Court: The objection will be sustained, and the motion wil be denied.

"Mr. O'Sullivan: To which I respectfully except. In your Honor's ruling on the tender of proof, I assume you are following the rule of the Supreme Court laid down in Pavletich v. Pavletich?

"The Court: Yes."

Thus it is that we are asked to review our decision in the case of Pavletich v. Pavletich, supra, holding that since the legislature added incompatibility as a ground of divorce in 1933, L.1933, c. 54, § 1, a court of equity is no longer required to treat recrimination as a valid defense to a divorce suit if the parties are so irreconcilable as to be incompatible. The writer dissented in the Pavletich case and still

entertains the view, shared by Mr. Justice McGHEE as well, that this first opportunity for doing so should be taken advantage of to overrule that decision outright, a view not shared by another justice concurring in this opinion.

Accordingly for the first time since we decided the Pavletich case we have presented a factual situation which calls upon us for its clarification. It comes to us in the form of tendered proof of adultery by the husband, both before and following separation, ruled out by the trial court as immaterial under the decision in that case as interpreted by it. If, as the trial judge seemed to think, incompatibility once established entitles a plaintiff to a decree of divorce, whatever may have occasioned the incompatibility, then the judgment is correct and should be affirmed; otherwise not.

It is obvious from a reading of the Pavletich case that it does not go so far as to hold that a finding of incompatibility imposes upon the trial court, sitting as a chancellor, the mandatory duty of granting a divorce where the defense of recrimination has been pleaded and fully established. The decision in that case does not hold, as the trial judge seems to have felt and as counsel for appellee (plaintiff) insisted below and maintains here, that the chancellor *must* ignore the defense of recrimination, even though irreconcilable differences exist between the parties. Note this language from the closing words of the opinion in the case of Pavletich v. Pavletich, supra [50 N.M. 224, 174 P.2d 832]: "If the chancellor believes the parties are reconcilable, he will, no doubt, endeavor to bring about a reconciliation. But where the parties are irreconcilable we believe that the public policy of this state as expressed by the legislature, is against denying a divorce on the doctrine of recrimination. Chavez v. Chavez, 39 N.M. 480, 50 P.2d 264, 101 A.L.R. 635, in so far as it holds it to be the imperative duty of the chancellor to deny a divorce upon a showing of recrimination, should no longer be followed."

True enough, the court expressed as its opinion a belief that " * * * where the parties are irreconcilable we believe that the public policy of this state * * * is against denying a divorce on the doctrine of recrimination." But such language is followed immediately by that overruling Chavez v. Chavez, 39 N.M. 480, 50 P.2d 264, 101 A.L.R. 635, *only "in so far as it holds it to be the imperative duty* of the chancellor to deny a divorce upon a showing of recrimination". (Emphasis ours.)

It would be absurd to say that "incompatibility" itself could be pleaded by way of recrimination as a defense to a divorce sought upon the ground of incompatibility. But as to other defenses traditionally employed by way of recrimination,

if pleaded, established and found to have resulted from acts of the plaintiff, there resides in the trial judge the discretion to say whether, notwithstanding such incompatibility, it shocks the conscience to hold such plaintiff entitled to a divorce by reason thereof. Cf. Mansur v. Mansur, Tex. Civ.App., 37 S.W.2d 846; Blankenship v. Blankenship, 51 Nev. 356, 276 P. 9, 63 A.L.R. 1127. When exercised, discretion so residing in the trial judge as in the case of an exercise of discretion by him in other matters, is subject to review in this court for abuse.

■ We think we have accurately appraised the holding in the Pavletich case. So viewed, it is apparent that the trial court erred in declining to receive evidence tending to show that such incompatibility as exists arose from adulteries committed by the husband both before and subsequent to his separation from the wife. When this proof is received, if satisfying the trial judge of its truth, he will then exercise his discretion to determine whether, notwithstanding the incompatibility shown, a divorce should be denied. He may feel that he should so hold. At the former trial he considered he had no choice but to grant the divorce. In this view of the matter, he erred.

The judgment will be reversed and the cause remanded with a direction to the trial court to set aside its judgment and award a new trial. The appellant will recover her costs of the appeal.

It is so ordered.

BRICE, C. J., and McGHEE, J., concur.

LUJAN and COMPTON, JJ., dissenting.

LUJAN and COMPTON, Justices (dissenting).

In our opinion the case of Pavletich, 50 N.M. 224, 174 P.2d 826, properly appraised and understood, completely removes recrimination from consideration in divorce suits except for such weight as proof of it may have on the issue of incompatibility as a ground for divorce.

To elucidate our views, adultery on the part of the plaintiff is set up as a defense by the wife against his suit for divorce on the ground of incompatibility. We do not say proof of such adultery may not be shown in evidence. We think it can be but only and solely for the purpose of determining whether the incompatibility alleged as a ground of divorce in fact exists. If the trial judge makes a finding that incompatibility does exist that ends the matter and a decree of divorce should be entered. If this result may seem harsh in individual cases the problem is one for the legislature. We feel convinced that

such is the effect of this court's holding in the Pavletich case.

It follows from what has been said that we think the judgment should be affirmed. The majority holding otherwise,

We dissent.