218 So.2d 146

**L. B. WHITFIELD, III**

v.

**Mary Ann WHITFIELD.**

**3 Div. 366.**

Supreme Court of Alabama.

Jan. 23, 1969.

Richard A. Ball, Jr., of Ball & Ball, Montgomery, for appellant.

**434**

Chas. A. Stakely, Jr., and Jesse M. Williams, III, of Rushton, Stakely, Johnston & Garrett, Montgomery, for appellee.

COLEMAN, Justice.

The husband appeals from a decree granting to the wife a divorce from the bonds of matrimony on the ground of cruelty. The decree also awarded to the wife custody of the three daughters of the parties, whose respective ages are 8, 7, and 6 years.

The court found that the husband has a net income of $800.00 per month. The evidence supports the finding that this is the husband's "take home" pay after deductions. The court ordered the husband to pay to the wife $100.00 per month per child, which amounts to $300.00 per month. The court ordered the husband to pay to the wife $200.00 per month "as alimony," and awarded to the wife all the husband's "right, title and interest" in the house in which the parties had been living, and all the household goods and furnishings in the house other than the husband's personal effects. The court also gave to the wife a 1963 Ford Station wagon and ordered the husband to pay all outstanding bills of the parties and $1,900.00 fee for the wife's attorney and costs of suit.

The husband testified that the house cost $37,000.00 in 1960; that if he put it "on the market today," he would ask $40,-000.00 to $41,000.00; that the mortgage on the house amounts to $27,941.15, due in monthly payments of approximately $180.00 per month.

The errors complained of are that the court erred in the awards to the wife in that the awards are excessive.

The husband sets out in brief a statement of his net worth showing assets of $61,473.46 and liabilities of $50,086.05, leaving a net worth of approximately $11,-387.41. This balance sheet omits to show as an asset the stock owned by the husband in Alabama-Georgia Syrup Company.

The husband asserts that, by awarding to the wife the husband's equity in the house, the court has awarded to the wife property of a value greater than his entire net worth. He says the court gave the wife his equity in the house, which is worth from $12,-000.00 to $13,000.00 and was greater than his entire net worth of only $11,387.41. The husband says such an award violates the rule that the amount of an award of alimony in gross ordinarily varies from one-half to one-third, or even less, of the husband's estate, citing Phillips v. Phillips, 221 Ala. 455, 129 So. 3; Pope v. Pope, 268 Ala. 513, 109 So.2d 521; and Leo v. Leo, 280 Ala. ·9, 189 So.2d 558. He says further that the error is even greater because the award to the wife included also the automobile and household furnishings.

The husband argues also that the monthly award amounts to $500.00 which is five-eighths of his monthly net income which does not leave him enough money to live on and meet his obligations.

The trial court saw and heard the witnesses and we do not think that the $300.00 allowance for the children is excessive. We do not understand the husband to contend that it is. He does say that when the $200.00 for the wife is added, he is reduced to straitened circumstances and the award is excessive.

We understand that the decree has been construed by the wife to effect that she is obligated to pay the monthly mortgage payments. We accept this construc-

tion. Thus most of the wife's $200.00 allowance goes to pay the mortgage and leaves little for her support. The evidence, as we understand it, shows that she is not trained to earn a living and has never been employed. She has no assets, other than 152 shares of stock in Alaga Syrup Company. This stock was not paying dividends at the time of trial, and, moreover, the court ordered that she henceforth hold said stock as custodian for the three daughters. We hold that the court did not err in the amount of the monthly awards for wife and daughters.

■ The husband contends that his 192 shares of stock of Alabama-Georgia Syrup Company ought not to be counted as a part of his assets for several reasons; to wit: the company is a closely held corporation; dividends have not been paid since 1965; in connection with a loan of $1,900,-000.00, the stock has been assigned to the lenders and this assignment will continue for five years; only $50,000.00 of the loan had been repaid at time of trial; payment of dividends and officers' salaries are restricted by the loan agreement; the husband is an officer of one of the corporations, but has no control over the operation of the corporation; and the stock will not revert to the stockholders until the debt is paid.

On the other hand, the wife notes that the husband's witness, Alred, executive vice-president of Whitfield-Alaga, testified that the husband's stock is worth approximately $220.00 per share; the net worth of the corporation is about $2,200,000.00; sales last year showed a slight increase; and annual sales are about $3,600,000.00.

If the husband's shares are worth $220.00 each, his 192 shares are worth approximately $42,240.00. If this is added to his net worth, the award in gross to the wife certainly does not exceed one-half and is probably worth little, if any, more than one-third of his estate. We are of opinion that the husband's 192 shares of stock are properly to be counted as part of his estate.

■ When the stock is considered part of the husband's estate, the award does not violate the one-third to one-half rule as stated in Phillips v. Phillips, supra, or other cases cited by appellant.

Appellant relies on Leo v. Leo, supra, where this court reduced a $25,000.00 award of alimony in gross to $8,350.00. This court said it was evident that, in order to pay the award in cash, the husband would have to sacrifice his capital assets which consisted largely of accounts receivable in connection with sales of houses and lots in real estate developments. The mortages ran from twelve to fifteen years.

In the case at bar, there is no award in gross which requires cash payment and the husband will not be required to sell or sacrifice his stock in the corporation.

On consideration of the entire record, we are not persuaded that the decree appealed from is plainly or palpably wrong.

■ Appellee has moved for allowance of attorneys' fee for the wife for services of her attorneys on this appeal. The trial court allowed a fee of $1,900.00 for services in that court. We understand that attorneys for the wife spent $260.00 in defense of the suit. The net fee to the wife's counsel thus amounted to $1,640.00. We are of opinion, that in the instant case, one-fourth of the trial fee is a proper allowance for services of her attorneys in this court, and the wife is allowed attorneys' fee of four hundred dollars in this court. Tonsmeire v. Tonsmeire, 273 Ala. 462, 142 So.2d 265.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and BLOODWORTH, JJ., concur.