512 P.2d 84

**Clara Marie GARNER, Plaintiff-Appellee,**

**v.**

**Thomas William GARNER, Defendant-Appellant.**

**No. 9631.**

Supreme Court of New Mexico.

July 13, 1973.

Chavez & Cowper, Belen, for defendant-appellant.

Farrell L. Lines, Albuquerque, for plaintiff-appellee.

## OPINION

MONTOYA, Justice.

The parties hereto were married in 1967 in the State of New Mexico, and in June 1971, while residing in the State of California, the plaintiff-appellee (appellee) separated from the defendant-appellant (appellant). Upon separation, the appellee assumed residence in New Mexico.

Thereafter, in February 1972, appellee commenced an action for divorce from appellant in Albuquerque, New Mexico, on the grounds of incompatibility.

Appellant answered, asserting the affirmative defense of recrimination alleging adultery on the part of appellee.

In substance, the findings made by the trial court are: That the parties are irreconcilably incompatible, to such a degree that it is no longer possible for them to live together as husband and wife; that the incompatibility of the parties is of long standing duration and finally resulted in the appellee leaving the appellant in California in June 1971, returning to New Mexico; that subsequently, the appellee met Jim Steele in the latter part of August 1971, began seeing him on a regular basis in September 1971, and began residing with him some three and a half months later; that Jim Steele in no way contributed to or gave rise to the state of incompatibility existing between the parties. The court also found that the parties were irreconcilably incompatible for some time prior to appellee meeting Jim Steele.

After making its decision, the court granted a divorce to appellee, which was entered on September 7, 1972. Appellant appeals from that decree.

The basic issue to be decided is whether, under the facts of this case, recrimination is a defense to a suit for divorce.

This court has in the past considered the issue. In Chavez v. Chavez, 39 N.M. 480, 50 P.2d 264, 101 A.L.R. 635 (1935), we held that adultery by the wife was a bar to a suit for divorce. In a concurring opinion, one of the Justices wrote that the 1933 enactment by the Legislature of incompatibility as a new ground for divorce indicated a declaration of policy by the Legislature that, when the court is satisfied that the parties to the marriage are irreconcilable and can no longer live together harmoniously, the district court has full power and authority to grant a divorce decree.

It appears that recrimination was a defense in divorce actions in our State from the time of the Chavez decision, supra, until 1946, when this court decided Pavletich v. Pavletich, 50 N.M. 224, 174 P.2d 826 (1946). In that case, a suit for divorce was filed and the doctrine of recrimination was pled by way of cross-complaint, claiming adultery on the part of the husband. The trial court granted the divorce on the grounds of incompatibility, and the ruling was appealed. We affirmed the trial court and said (50 N.M. 233–234, 174 P.2d 832):

> "If the chancellor believes the parties are reconcilable, he will, no doubt, endeavor to bring about a reconciliation. But where the parties are irreconcilable we believe that the public policy of this state as expressed by the legislature, is against denying a divorce on the doctrine of recrimination. * * * "

We further said:

> " * * *. Chavez v. Chavez, 39 N.M. 480, 50 P.2d 264, 101 A.L.R. 635, in so far as it holds it to be the imperative duty of the chancellor to deny a divorce upon a showing of recrimination, should no longer be followed."

After the Pavletich case, supra, it appeared that the defense of recrimination to an action for divorce in this State had been abolished. However, in 1950, this court in Clark v. Clark, 54 N.M. 364, 225 P.2d 147, 21 A.L.R.2d 1263 (1950), reviewed the Pavletich decision, supra, and while not overruling it, said (54 N.M. 367, 225 P.2d 149):

> "It is obvious from a reading of the Pavletich case that it does not go so far as to hold that a finding of incompatibility imposes upon the trial court, sitting as a chancellor, the mandatory duty of granting a divorce where the defense of recrimination has been pleaded and fully established. The decision in that case does not hold, as the trial judge seems to have felt and as counsel for appellee (plaintiff) insisted below and maintains here, that the chancellor *must* ignore the defense of recrimination, even though irreconcilable differences exist between the parties. * * *

"*  *  *.

"It would be absurd to say that 'incompatibility' itself could be pleaded by way of recrimination as a defense to a divorce sought upon the ground of incompatibility. But as to other defenses traditionally employed by way of recrimination, if pleaded, established and found to have resulted from acts of the plaintiff, there resides in the trial judge the discretion to say whether, notwithstanding such incompatibility, it shocks the conscience to hold such plaintiff entitled to a divorce by reason thereof. Cf. Mansur v. Mansur, Tex.Civ.App., 37 S.W.2d 846; Blankenship v. Blankenship, 51 Nev. 356, 276 P. 9, 63 A.L.R. 1127. When exercised, discretion so residing in the trial judge as in the case of an exercise of discretion by him in other matters, is subject to review in this court for abuse."

The question for decision in the Clark case, supra, as in the instant case, was whether recrimination affords a valid defense in a suit for divorce sought on the ground of incompatibility. The majority in that case, with two justices dissenting, reversed the trial court, ordered the setting aside of the divorce decree and awarded a new trial, where the trial judge could exercise his discretion to determine whether, notwithstanding the incompatibility shown, a divorce should be denied. In the Clark case, supra, as in the instant case, recrimination was pled and established. Significantly, in the Clark case, supra, we held that incompatibility itself cannot be pled by defendant by way of recrimination to a divorce action brought by the plaintiff on the grounds of incompatibility, but that if other defenses traditionally employed by way of recrimination are pleaded, established and found to have resulted from actions of the plaintiff, the trial judge is not bound under the law to grant a divorce and may exercise his discretion.

The trial judge in the instant case clearly understood the import of our decision in Clark v. Clark, supra, and a review of

the record indicates that the court's exercise of discretion followed the "shocks the conscience" test set forth in Clark, supra.

In the light of present social conditions and policy emanating therefrom, we again re-examine the question of whether the defense of recrimination should continue to be recognized. We are mindful that in our State recrimination is a court-established doctrine and thus we are not bound by any legislative enactment concerning it.

In the Pavletich case, supra, it is apparent that our ruling therein was arrived at by studied consideration of the then current social policy. We quoted approvingly from Vol. 10, Kansas City Law Review containing an article by J. G. Beamer entitled "The Doctrine of Recrimination in Divorce Proceedings," wherein he says in part at 213 (50 N.M. 231–232, 174 P.2d 830–831):

" 'Three possible sociological justifications for the doctrine of recrimination can be dimly discerned behind the empty incantations with which the courts rationalize its existence and application to the cases before them. The first is that it tends to hold the family together; the second, that it serves as a check upon immorality; the third, that it protects the property rights of the wife.

" 'The family is still the fundamental sociological unit of our civilization. For the purposes of this discussion, it is assumed that it should be preserved and that the state has a vital interest in its preservation.

" 'In its largest aspect the problem involved here is whether divorce, under any circumstances, should be permitted. Fortunately, we need not attempt an answer. For our limited purposes the question has already been answered. Forty-seven out of the forty-eight of our state governments, and a respectable majority of foreign governments all of whom, it is assumed, have a vital interest in the maintenance of the family— have decided that the interests of both the family and of the state can best be served by permitting divorce in certain

situations. And the present tendency seems to be toward a further liberalization of the divorce laws. This decision and tendency may be said to be due to a slowly awakening realization that denial of divorce seldom restores life to families sociologically dead when they come into court, and that if anything is preserved it is but the dead and empty shell of what has been and is no longer—a realization that upon the refusal of divorce, those things which cannot be done legally are often done illegally, those which cannot be done openly are done clandestinely; that other relationships are formed, nameless children born; and that even if the parties force themselves to remain together, their children probably will not thank them for it or even be imbued with any high and lasting ideals about their family, or the family as a sociological concept.

" 'If this is the justification for permitting divorce where only one party is at fault, how much more reasonable is it to permit divorce where both parties hold their marriage vows in contempt, and the likelihood that attempts at reconciliation will fail are thereby doubled. * * *' "

■ Accordingly, we hold that the doctrine of recrimination as a defense is abolished in proceedings where a divorce is sought on the grounds of incompatibility. Henceforth, evidence of any recriminatory act is only admissible to the extent that such act may have weight as proof on the issue of incompatibility as a ground for divorce.

■ If the trial judge is satisfied and finds that incompatibility exists between the parties, a decree of divorce should be entered. To the extent that Clark v. Clark, supra, and other prior decisions of this court are inconsistent with our holding herein, they are hereby overruled.

Appellant vigorously argues that

"A plaintiff seeking equitable relief must come into court with clean hands and prepared to do equity; that continued cohabitation in adultery up to and including the date of trial establishes that plaintiff did not have clean hands nor was prepared to do equity; that the granting of a divorce to plaintiff under the circumstances is shocking to the conscience of the court."

■ We have considered the evidence in the record and the many years of existing discord between the parties, the incidents of harassment after the separation of the parties, and hold that the trial court properly made a finding that incompatibility existed. We further hold that, even under the doctrine enunciated in the Clark case, supra, the so-called "shocks the conscience" test, there was no abuse of discretion by the trial court in granting the divorce, even though we have ruled that the doctrine of the Clark case, supra, is no longer applicable or to be followed. No useful purpose would be served to engage in a lengthy discussion about the equitable doctrines and powers incident to a divorce proceeding. Our Legislature, acting properly within its powers, has established "incompatibility" as a ground for divorce and, as hereinbefore stated, once such a finding is made that it exists, a divorce decree must be entered.

Appellee raises in her brief the point that appellant should be penalized for filing a frivolous appeal to harass appellee herein. The appellant, at oral argument, asked for an opportunity to brief the question. We hold that, in view of the disposition we have made of the issues, this court will consider the point as not being well taken.

■ Appellee also claims entitlement to an award from appellant for her attorney's fees herein. We agree that such an award would be proper and appellee is allowed a reasonable attorney's fee for this appeal in the sum of $1,000, to be taxed as costs against appellant.

The judgment of the trial court is affirmed.

It is so ordered.

STEPHENSON and MARTINEZ, JJ., concur.