331 So.2d 689
**Doris H. COOPER**

v.

**L. Bancroft COOPER.**

**Civ. 603.**

Court of Civil Appeals of Alabama.

March 3, 1976.

Rehearing Denied April 14, 1976.

D. Coleman Yarbrough, Montgomery, for appellee.

Henry C. Chappell, Jr., Montgomery, for appellant.

**676**

BRADLEY, Judge.

Plaintiff filed an action against defendant seeking a divorce on the ground of incompatibility. The defendant answered by denying the allegation as to incompatibility and counterclaimed by asking for a divorce on the ground of adultery. The defendant requested indefinite periodic alimony payments, a division of property, custody of minor children, child support, medical and dental expenses for minor children, and necessary expenses for children in college.

After a consideration of the pleadings and all the evidence submitted in the case, the court found that the plaintiff had proved that the parties were incompatible and that defendant had proved that plaintiff was guilty of adultery. In view of this state of the record, the trial court concluded that due to the doctrine of recrimination, both parties must be denied a divorce. The court then awarded the defendant separate maintenance, custody of the two minor children with reasonable visitation in plaintiff, child support, the use of the family dwelling and all household goods located therein. Plaintiff was also ordered to pay the taxes, insurance and mortgage payments on the family dwelling, plus $5,000 for repairs to it. He was also required to pay an attorney's fee in the amount of $4,500 to defendant's attorneys plus costs.

A motion to amend findings and conclusions or in the alternative a rehearing was denied. Thereafter appeal was perfected to this court.

The first and foremost hurdle to be surmounted by this court is the efficacy of the trial court's conclusion that the doctrine of recrimination applies where one of the grounds of divorce is incompatibility.

Act No. 2272, Acts of Alabama 1971, p. 3662, providing new and additional grounds of divorce, is, in pertinent part, as follows:

"(a) The Circuit Court in equity has power to divorce persons from the bonds of matrimony, upon a petition filed by one of the parties, entitled 'In re the marriage of _____ and _____', for the causes following: . . . 7. Upon application of either the husband or wife, when the court is satisfied from all the testimony in the case, that there exists such a complete incompatibility of temperament that the parties can no longer live together."

Since the adoption of incompatibility as a ground of divorce, no Alabama appellate court has decided whether the doctrine of recrimination can be invoked as a defense where one of the parties alleges and proves that the parties are incompatible.

The doctrine of recrimination in Alabama is of statutory origin, *Colotti v. Colotti,* 280 Ala. 525, 196 So.2d 375. By the express terms of legislative acts both past and present, the only specified ground for invoking the doctrine is mutual adultery. Recrimination first appeared in Alabama statutes in Act No. 15, § 3, p. 61, Acts of Alabama 1824, wherein the legislature provided that, "In all cases where both parties shall be guilty of adultery, it shall be a bar to a divorce." Prior to this enactment the statutory bars to divorce in Alabama included connivance, condonation, collusion, and confession of evidence, but did not include recrimination.

In 1837 the case of *Richardson v. Richardson,* 4 Port. 467, 30 Am.Dec. 538, held that the 1824 statute did not recognize desertion as a proper basis for a recrimination defense to divorce sought on ground of adultery. Remarking that the Alabama divorce statutes were copied from the rules of the Ecclesiastical Courts of England, Justice Goldthwaite said:

". . . [T]he answer seems very distinctly to admit the crime charged; but to rest its excuse on what is termed by the ecclesiastical Courts, compensatio criminis, setting up the desertion of the wife from his house, in eighteen hundred and twenty-nine, as a bar to her relief. If such was admitted, it would not bar the relief.—Even a malicious desertion will not bar a sentence of divorce, for adultery.—*Sullivan v. Sullivan,* 2 Ecc. R. 314." *Richardson v. Richardson, supra.*

It is implicit in *Richardson v. Richardson* that recrimination only extended to cases of mutual adultery.

The 1852 Alabama Code compiled all of the bars to divorce into a single section, Title 5, Section 1966, the wording of which has survived to the present in Title 34, Section 26, Alabama Code of 1940. In 1852, as now, the only express statutory ground for a recriminatory bar to divorce was mutual adultery: "No decree can be rendered . . . where both parties have committed adultery . . .." There is no discernible difference in substance between the 1824 version of statutory recrimination and the present one appearing in 1852.

Nevertheless, the Civil War era case of *Ribet v. Ribet,* 39 Ala. 348, held:

"In view of the provisions of the Code of Alabama [of 1852], on the subject of divorce, and the general current of authority, we hold the doctrine, that any one of the statutory causes for a divorce may be set up in bar of a bill for a divorce *a vinculo* predicated on any other

of the statutory causes. . . . Thus, if the husband proceeds for a divorce on the ground of adultery of the wife, she may defeat his suit by alleging and proving that he himself was guilty of such cruelty towards her as would otherwise have entitled her to a decree for a divorce as against him; and so *vice versa,* if she proceed on the ground of his cruelty, he may reply in bar that she was guilty of adultery."

This holding is most puzzling. While purporting to be harmonious with Code provisions, *Ribet* departs from the Code and from the leading prior authority to recognize a greatly expanded field of operation for the doctrine of recrimination.

An entire line of cases is descended from *Ribet.* Each of these cases scrupulously alludes to the existence of legislation as the necessary source of the recrimination doctrine, yet virtually every case reaches a result radically opposed to the clear sense of the statute. The ultimate development was reached in *Colotti v. Colotti, supra,* wherein the supreme court said:

"The following is a succinct statement of the doctrine of recrimination. Where each of the spouses has been guilty of misconduct which is cause for divorce, neither is entitled to the remedy.

. . .

"If the doctrine of recrimination in divorce suits is to be changed in this state, the law must be changed, and that is a matter committed to the legislature. . . ."

The cases from *Ribet* to *Colotti* contain an internal inconsistency which cannot be resolved. These cases clearly admit, in fact they stress, the preeminence of legislation in the field of divorce; yet they give effect to a century-old judicial interpretation of a statute completely at odds with the legislative design.

In this situation, it would not be wise to compound the problem by extending the expanded concept of recrimination to the recently legislated incompatibility ground for divorce. As mentioned in *Colotti*, changes in the doctrine are committed to the legislature, and there is no statutory language indicating that the legislature, in creating the ground of incompatibility, meant to incorporate the troublesome concept of recrimination.

Prior to the adoption in this state of incompatibility as a ground of divorce, the available grounds for divorce required misconduct or fault on the part of one of the parties to the marriage. We feel that the doctrine of recrimination is inseparable from the concept of fault.

In *Phillips v. Phillips*, 49 Ala.App. 514, 274 So.2d 71, cert. den. 290 Ala. 370, 274 So.2d 80, we said:

"Incompatibility of temperament is antagonistic to the concept of fault or wrongdoing as a ground for divorce.

"Incompatibility of temperament necessarily involves both parties. While one spouse may have a more normal temperament than the other and the overt acts evidencing incompatibility may come largely from the other spouse, it is inconceivable that a husband's temperament can be compatible with that of his wife if hers is incompatible with his.

"If there is a clash of personalities, both must clash. The negative attitude of one may bring into expression the affirmative conduct of the other. Where incompatibility is the gound for divorce, fault should recede into the background and be superseded by the inquiry into the suitability of the spouses for each other as shown by the reality of their marital life. *Burch v. Burch, supra*; 195 F.2d 799, (3 Cir. 1952); *Shearer v. Shearer*, (3 Cir.), 356 F.2d 391 (1965) [dissenting opinion].

"We therefore hold that either spouse may bring a divorce in Alabama on the ground of incompatibility of temperament, Tit. 34, § 20, Code of Alabama 1940, and may secure a divorce upon such ground without proving that the other spouse is in any way guilty of misconduct or is responsible for, or that his or her conduct or actions created such state of incompatibility.

"If the incompatibility be established by the evidence in the trial court, a divorce may be granted without any specific determination as to whether either, both or neither of the parties is responsible or at fault as we traditionally consider fault. It is only incumbent upon the party bringing the action to establish by the evidence that a state of incompatibility exists."

The basic distinction between a divorce for incompatibility and one based on a fault ground, as enunciated in *Phillips*, is the existence of a *state* of incompatibility, regardless of fault or misconduct. If proven facts show that the parties are incompatible and there is very little likelihood of reconciliation, the marriage relation should be given a decent burial.

By adopting such a procedure for divorce, the legislature has recognized that a marriage may be dead without the misconduct of either party, and it has provided that such a marriage should be dissolved. We consider this purpose would be thwarted should one party be allowed to plead and prove recrimination.

There is a dearth of cases from other jurisdictions involving consideration of the present issue; however, *Garner v. Garner*, 85 N.M. 324, 512 P.2d 84, decided by the New Mexico Supreme Court on July 13, 1973, a case with facts almost like the one at bar, presents a clear-cut decision on the issue before us.

In the *Garner* case, the facts show that plaintiff-wife separated from defendant-husband in California and moved to New Mexico. Later she filed for divorce in her

new state of residence. The ground alleged was incompatibility. Defendant asserted by way of defense the doctrine of recrimination based on adultery. The trial court found that: (1) incompatibility existed; (2) the adultery did not contribute to the incompatibility; and (3) plaintiff had lived with another man while married to defendant during the time alleged. Divorce was granted to appellee for incompatibility.

The New Mexico Supreme Court said the issue for decision was whether recrimination could be a valid defense on those facts.

In deciding that issue, the court said:

"In the light of present social conditions and policy emanating therefrom, we again re-examine the question of whether the defense of recrimination should continue to be recognized. We are mindful that in our State recrimination is a court-established doctrine and thus we are not bound by any legislative enactment concerning it.

"In the *Pavletich* case, supra, [*Pavletich v. Pavletich*, 50 N.M. 224, 174 P.2d 826] it is apparent that our ruling therein was arrived at by studied consideration of the then current social policy. We quoted approvingly from Vol. 10, Kansas City Law Review containing an article by J. G. Beamer entitled 'The Doctrine of Recrimination in Divorce Proceedings,' wherein he says in part at 213 (50 N.M. 231–232, 174 P.2d 830–831):

" ' "Three possible sociological justifications for the doctrine of recrimination can be dimly discerned behind the empty incantations with which the courts rationalize its existence and application to the cases before them. The first is that it tends to hold the family together; the second, that it serves as a check upon immorality;

the third, that it protects the property rights of the wife.

" ' "The family is still the fundamental sociological unit of our civilization. For the purposes of this discussion, it is assumed that it should be preserved and that the state has a vital interest in its preservation.

" ' "In its largest aspect the problem involved here is whether divorce, under any circumstances, should be permitted. Fortunately, we need not attempt an answer. For our limited purposes the question has already been answered. Forty-seven out of the forty-eight of our state governments, and a respectable majority of foreign governments all of whom, it is assumed, have a vital interest in the maintenance of the family—have decided that the interests of both the family and of the state can best be served by permitting divorce in certain situations. And the present tendency seems to be toward a further liberalization of the divorce laws. This decision and tendency may be said to be due to a slowly awakening realization that denial of divorce seldom restores life to families sociologically dead when they come into court, and that if anything is preserved it is but the dead and empty shell of what has been and is no longer—a realization that upon the refusal of divorce, those things which cannot be done legally are often done illegally, those which cannot be done openly are done clandestinely; that other relationships are formed, nameless children born; and that even if the parties force themselves to remain together, their children probably will not thank them for it or even be imbued with any high and lasting ideals about their family, or the family as a sociological concept.

" ' "If this is the justification for permitting divorce where only one party

is at fault, how much more reasonable is it to permit divorce where both parties hold their marriage vows in contempt, and the likelihood that attempts at reconciliation will fail are thereby doubled. * * *"'

"Accordingly, we hold that the doctrine of recrimination as a defense is abolished in proceedings where a divorce is sought on the grounds of incompatibility. Henceforth, evidence of any recriminatory act is only admissible to the extent that such act may have weight as proof on the issue of incompatibility as a ground for divorce.

"If the trial judge is satisfied and finds that incompatibility exists between the parties, a decree of divorce should be entered. To the extent that *Clark v. Clark*, supra, [54 N.M. 364, 225 P.2d 147, 219 A.L.R.2d 1263] and other prior decisions of this court are inconsistent with our holding herein, they are hereby overruled.

"Appellant vigorously argues that

"'A plaintiff seeking equitable relief must come into court with clean hands and prepared to do equity; that continued cohabitation in adultery up to and including the date of trial establishes that plaintiff did not have clean hands nor was prepared to do equity; that the granting of a divorce to plaintiff under the circumstances is shocking to the conscience of the court.'

"We have considered the evidence in the record and the many years of existing discord between the parties, the incidents of harassment after the separation of the parties, and hold that the trial court properly made a finding that incompatibility existed. . . . No useful purpose would be served to engage in a lengthy discussion about the equitable doctrines and powers incident to a divorce proceeding. Our Legislature, acting properly within its powers, has established 'incompatibility' as a ground

for divorce and, as hereinbefore stated, once such a finding is made that it exists, a divorce decree must be entered."

■ The rationale of the *Garner* decision is very persuasive and we hold as did the New Mexico court, that the doctrine of recrimination has no application in a divorce action based on incompatibility.

■ The trial court erred in applying the doctrine of recrimination in the case at bar and its judgment will be reversed and the case will be remanded to the trial court for reconsideration and determination of what ground, i. e., incompatibility or adultery, will be the basis of a divorce. The court will also wish to consider the other claims of relief asked for by the parties in their respective pleadings and which were not considered by the trial court due to its decision on the recrimination issue.

■ Another matter to be decided in this suit is the adequacy of the award of attorney's fees to defendant. At the trial, defendant offered evidence to the effect that a reasonable award for her attorney's services, including payments to expert witnesses, would be $13,994.33. The trial court decreed that reasonable attorney's fees would be $4,500 and taxed this amount against plaintiff for the use and benefit of defendant's attorneys. Defendant argues that this award is insufficient. Three thousand nine hundred ninety-four dollars and twenty-three cents of the award requested by defendant represents fees for experts. The court cannot award expert's fees as a matter of costs unless provided by statute, *Hartley v. Alabama National Bank of Montgomery*, 247 Ala. 651, 25 So. 2d 680. Nevertheless, these fees were expenses incurred by defendant's attorneys in defending the suit. It strikes us that such expenses ought to be taken into account in determining the award, *Whitfield v. Whitfield*, 283 Ala. 433, 218 So.2d 146. Feeling that the trial court erroneously failed to consider these expenses in computing its award, we determine that $7,500 would be

a reasonable fee for the services of defendant's lawyers in the trial court.

 Defendant has also requested that she be awarded attorneys' fees for the services rendered by her attorneys on this appeal. We conclude that a reasonable fee for defendant's attorneys on this appeal is $1,500.

For the reasons heretofore stated, the judgment of the trial court is reversed and the cause remanded for further proceedings.

ATTORNEY'S FEE ON APPEAL AWARDED.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

WRIGHT, P. J., and HOLMES, J., concur.

ON REHEARING

Appellant-wife asserts in her petition for rehearing the argument that our main opinion wrongly held that adultery was not a bar to a divorce on the ground of incompatibility. According to appellant, the only question with which we were presented was whether or not incompatibility is a permissible recrimination to a divorce sought on the ground of adultery.

We feel that appellant's petition for rehearing raises no issue which was not considered and dealt with in the main opinion.

 Appellant's argument neglects the essential element of mutuality which pervades the doctrine of recrimination. Under this doctrine the mutual fault of both parties deprives either of a divorce. If there is mutual fault, recrimination bars a divorce; if there is no mutuality of fault —i. e., if only one or neither party is at fault—there is no recrimination at all.

Appellant's argument, in the final analysis, fails to discern that we can only resolve the issue of recrimination as to her ground for divorce by equally and mutually resolving it as to her husband's. That is what we clearly and explicitly did in the main opinion. We answered appellant's issue—favorably to her, we must note—and, of necessity, simultaneously resolved the same issue as to her husband, although he did not raise the issue.

Opinion Extended.

APPLICATION FOR REHEARING OVERRULED.

WRIGHT, P. J., and HOLMES, J., concur.