WRIGHT, Presiding Judge.
This is a divorce case. The wife appeals. The issue is whether the trial court abused its discretion in the award of alimony, child support and/or property division. We reverse.
The parties were married for nineteen years. The wife is a citizen of El Salvador although she has lived in Montgomery with her family since marriage. The husband is American and a career postal service employee. There are four children. The eldest is eighteen years of age and is a National Merit finalist with a scholarship at Johns Hopkins University. A girl, age fourteen, is mentally defective and a permanent resident of Partlow School. Sons John and Pat, ages twelve and ten, reside with their mother in Montgomery. The net pay of the father is $1,127 monthly. The mother is employed as a teacher of Spanish at St. Jude School and her net salary is $472 per month. She is not certificated as a teacher and thus has no tenure.
There was evidence that the wife owned some fifty acres of land in El Salvador upon which coffee was grown and from which she receives a material income. The wife insists that her mother has a life estate in the land and receives the income although the wife aids in management and has been given some money by her mother.
The parties are joint owners of a home in Montgomery with an equity of some $19,-000. The mortgage payments are $250 per month. After oral hearing the trial court entered judgment on June 22, 1978 as follows: Custody of the children was given to the wife; the husband was ordered to pay $850 per month as support for the children; when John, age twelve becomes nineteen the support is to be reduced to $300 per month and support is eliminated when Patrick, age ten, becomes nineteen; the husband may claim the children as dependents for tax purposes; the husband is to maintain life and hospital insurance with the children as beneficiaries; the wife is given title to the home with the obligation of paying the mortgage payments; the husband is given a vested interest in the home in the sum of $12,500 to be paid when the home is sold but no later than when the youngest child reaches majority, marries or becomes self supporting; the wife is awarded alimony of $15 per month and $500 attorney fee.
The wife contends the judgment is erroneous in the award of support and alimony and in the division of the home, the only material asset of the parties. She also contends the judgment when considered in its entirety is so unfair and inequitable to the wife as to amount to an abuse of discretion. We agree with the latter contention.
The husband has stable career employment with good retirement benefits. His salary now provides a net income of over $1,100 per month. It must be anticipated that his income will increase in the future. The income of the wife is dependent upon only the beneficence of her employer and if her employment continues, it is unlikely to substantially increase. Her income of $472 per month plus receipt of $365 per month in child support and alimony will total $837 per month. This is immediately depleted by payment of the $250 mortgage payment down to $587. From that amount she must support herself, two young children and aid the oldest in college and pay the substantial sums necessary to maintain and keep in repair the house.[1] *293 With these burdens and obligations, she does not have the right to claim the children as dependents on her tax return. In making the mortgage payments she will be paying property taxes, insurance and maintenance costs to protect the vested interest of the husband. That vested interest represents some two-thirds of the present net value of the home. It is in that portion of the judgment that the court imposed an unfair burden on the wife and perhaps brought the judgment within the prohibition against the wife paying the husband alimony established by the decision in Davis v. Davis, 279 Ala. 643, 189 So.2d 158 (1966). However, we do not hold the judgment erroneous for that specific reason. We do find it erroneous because when taken in its entirety, it is so unfair to the wife as to become a palpable abuse of the discretion of the trial court. It is for that reason we reverse the judgment as to child support and division of property and remand with positive suggestions for change.
It is the placing of the large and heavy burden of making the mortgage payments on the wife that we perceive as the root of inequity in the judgment. That payment protects the interest of the husband as well as the wife. She must also pay the taxes, insurance and maintenance to protect the husband’s vested interest as well as her own. The sum of $12,500 is guaranteed him on or before the coming of the majority of the youngest child. He need do nothing to protect that interest. If the wife is unable to meet the obligation of the mortgage payments, she loses her home and, under the evidence, if the home is sold on the market, she would receive only $6,500 while the husband would receive $12,500. The inequity is clear and obvious. Therefore, to adjust, we suggest possible alternatives: (a) The wife be given the entire interest and title to the home if she is to make the payments; (b) Title remain jointly in the parties with the husband making the mortgage payments and maintenance with equal division at sale by agreement or when the youngest child reaches majority. A reduction of child support might be proper in such a case.
We think it was a proper consideration for the court to grant nominal alimony to the wife with opportunity for modification at a future time if proper change in circumstances is shown. We do not consider that the alleged separate estate of the wife in El Salvador is worthy of great consideration. It has played no substantial part in the economics of the marriage, except to apparently provide opportunity for trips by the wife and children which were in part educational. It is the primary obligation of the husband to support his family from his income and estate, the financial condition of the wife notwithstanding. Collier v. Collier, 57 Ala.App. 208, 326 So.2d 769 (1976).
We therefore reverse the judgment of the trial court insofar as the provisions relating to support of the children and division of property and remand the same for further proceedings.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.

. It has been held that the effect of a large mortgage payment upon the amount of expendable income available for support of the wife and children is a matter for consideration by the court. Whitfield v. Whitfield, 283 Ala. 433, 218 So.2d 146 (1969); Chancellor v. Chancellor, 52 Ala.App. 10, 288 So.2d 794 (1974).