HOLMES, Judge.
This is a divorce case.
The trial court divorced the parties; awarded custody of the children to the wife; required the husband to pay child support; and made a division of property. The wife appeals, contending the trial court erred in the amount of child support and in the division of property. We find the trial court did err to reversal.
The record in pertinent part reveals the following:
The parties were married for twelve years. Two children were born of the union. The children are eight and four years of age. The husband earns approximately $1,000 per month from his regular employment. In addition, the husband has earned extra income from fixing trucks. The wife is employed and earns approximately $550 per month.
There is evidence that from the outset the union was not a happy marriage. There is evidence that the wife had sexual relations with someone other than the husband. This event occurred during the marriage difficulties. There is also evidence the husband had sexual relations outside the marriage. In any event, after these occurrences the parties, at least, if not in fact, attempted to reconcilíate. They sought marriage counseling.
*229 With the above in mind, the trial court, as indicated, divorced the parties. The grounds for the divorce are not stated in the decree. Custody of the two minor children was awarded to the wife and the husband was required to pay $230 per month as child support. In addition, the husband was required to provide medical insurance on the children and to pay up to $500 of the children’s prescription drugs. The decree further stated the husband was to claim the children as dependents for income tax purposes.
The only asset, of any significance, that the parties owned was the homeplace. This home was purchased in 1978 for approximately $34,000. The parties paid $4,500 as a down payment. The approximate value at the time of trial was $40,000. The mortgage payments on the house are approximately $250 per month.
The learned trial judge awarded the wife the occupancy of the home. The wife was required by the decree to make the mortgage payments. The decree further provided that upon the wife’s remarriage or the expiration of thirty-six months, whichever event occurs first, the wife must either purchase the husband’s equity (the equity at the time of sale) or place the home for sale. In the event of sale the proceeds from the sale of the home were to be equally divided.
It is the trial court’s action regarding the homeplace, coupled with the award of child support, that the wife contends is reversible error.
We cannot distinguish the instant appeal from Shires v. Shires, Ala.Civ.App., 368 So.2d 291 (1979). In Shires this court reversed the trial court on facts and conclusions strikingly similar to this appeal. We do not deem it necessary or .prudent to set out in detail what we said in Shires. However, the following from Shires, authored by Presiding Judge Wright is equally appropriate in the instant appeal:
With these burdens and obligations, she does not have the right to claim the children as dependents on her tax return. In making the mortgage payments she will be paying property taxes, insurance and maintenance costs to protect the vested interest of the husband.... We do find it erroneous because when taken in its entirety, it is so unfair to the wife as to become a palpable abuse of the discretion of the trial court. It is for that reason we reverse the judgment as to child support and division of property and remand with positive suggestions for change.
It is the placing of the large and heavy burden of making the mortgage payments on the wife that we perceive as the root of inequity in the judgment. That payment protects the interest of the husband as well as the wife. She must also pay the taxes, insurance and maintenance to protect the husband’s vested interest as well as her own....
368 So.2d at 293.
In view of the above, we have no alternative but to remand with a positive suggestion for the learned trial judge. As a minimum, the husband should be required to pay one-half of the mortgage payments on the home prior to the sale of the asset.
The wife has requested an attorney’s fee for representation on appeal. A fee of $500 is awarded.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.