514 P.2d 851

STATE of New Mexico ex rel. Hazel DuBOIS and Edward A. DuBois, Petitioners,

v.

Hon. Joseph C. RYAN, District Judge of the Second Judicial District, Respondent.

No. 9750.

Supreme Court of New Mexico.

Sept. 28, 1973.

Kool, Kool, Bloomfield, Eaves & Mayfield, Modrall Sperling, Roehl, Harris & Sisk, John R. Cooney, Albuquerque, for petitioners.

Richard F. LaRoche, Albuquerque, for respondent.

## OPINION

OMAN, Justice.

This cause originated in this Court by petition for writ of mandamus. It arose out of a divorce proceeding in which Petitioner, Edward A. DuBois (Edward), was plaintiff, his former wife, Marie Alice DuBois (Marie), was defendant, and his present wife and petitioner, Hazel Waggoner DuBois (Hazel), was an intervenor. Respondent is the district judge who presided over the divorce proceedings.

We issued an alternative writ under our power of superintending control. After a full hearing on the writ and the response thereto, we entered an order making the writ of superintending control permanent, dismissing the appeal to this Court by Petitioners from an amended decree entered in the divorce proceedings, and remanding that cause to the district court with directions to vacate and set aside the amended decree and reinstate the original decree of divorce previously entered. We exercised our superintending control herein only because of the extremely unusual circumstances.

Edward, who is in the United States Air Force, sued Marie for divorce on the ground of incompatibility. Marie denied the claim of incompatibility and filed a counterclaim by which she sought a legal separation. In her brief in this Court she contends she asserted the defense of recrimination to Edward's claim of incompatibility. His contention in this regard is directly to the contrary. However, in

our disposition of this question, we assume her position to be correct.

Marie alleged in her counterclaim and Edward admitted that she was suffering from choriocarcinoma, a very rare and unusual form of cancer; she was under treatment by military physicians, and as long as she remained married to Edward she would be entitled to continued medical treatment and benefits as his dependent at no cost to her; treatment for her disease would be exorbitantly expensive in the civilian community, ranging from $1,500 to $5,000 per month; and she had no funds with which to defray such expenses.

The case came on for trial before Respondent on April 12, 1973. At the commencement thereof, Respondent was informed by the attorneys for both parties of her disease, that she was concerned over her inability to obtain free medical attention therefor if a divorce were granted, that each required chemotherapy treatment therefor would cost $5,000, and that she had been receiving such a treatment every six or eight weeks.

On March 16, 1973, following trial, Respondent entered a final decree awarding Edward a divorce from Marie, which was predicated upon and supported by a finding: "That the Plaintiff [Edward] and Defendant [Marie] are irreconcilably incompatible." It was also ordered and decreed:

> "That, after Defendant has had a medical examination and if it should be ascertained that said Defendant continues to suffer from choriocarcinoma, then and in that event Plaintiff will be directed to pay to Defendant a reasonable amount, to be fixed by this Court, as alimony for so long as the Defendant is unable to work; and in such event the Court will order Plaintiff to pay all medical bills and expenses incurred in connection with the treatment of said desease [sic]."

Edward married Hazel on March 17, 1973. On April 4, 1973, upon motion for rehearing by Marie, Respondent entered an amended decree. Insofar as here pertinent, it was ordered, adjudged and decreed therein: "That so much of the Final Decree entered on March 16, 1973, as grants plaintiff a divorce from the defendant is hereby set aside, vacated and voided and for nothing held;" "[t]hat defendant Marie Alice DuBois is hereby granted and awarded a legal separation from the plaintiff Edward A. DuBois;" and "that except as herein modified, all the remaining provisions of the Final Decree entered March 16, 1973, will remain in full force and effect."

On April 10 Edward moved to set aside the amended decree on the grounds that Respondent was without jurisdiction or authority to vacate the final decree of March 16; he had married and consummated his marriage following the entry of the final decree of March 16; and he should not be deprived of his legal right to a divorce or be penalized simply because he was a member of the United States Air Force.

On April 24 Hazel moved for leave to intervene and file a motion to set aside the amended decree. Leave was granted and she filed her motion. This motion and the motion filed by Edward to set aside the amended decree were denied by orders entered by Respondent on May 3.

Both Edward and Hazel promptly filed notice of appeal to this Court from the amended decree. About this time, Edward was notified by the United States Air Force that he was to depart from the United States on May 29 for duty in Taiwan, Nationalist China. Thereupon he and Hazel instituted these proceedings by petition for writ of mandamus, and, as above recited, we entered a permanent order pursuant to the power of superintending control vested in this Court by N.M.Const. art. VI, § 3.

Our power of superintending control is distinct from our appellate and original jurisdiction. N.M.Const. art. VI, §§ 2, 3; State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 (1973); State v. Roy, 40 N.M. 397, 60 P.2d 646 (1936). Even though Petitioners had taken an appeal to this Court

from the orders of the trial court denying their motions to set aside the amended decree, the extremely unsual circumstances of this case made Petitioners' remedy by appeal substantially inadequate. On prior occasions we have held that our superintending control will be exercised if the remedy by appeal is wholly or substantially inadequate, or if the exercise thereof will prevent irreparable mischief, great, extraordinary or exceptional hardship, costly delays, or unusual burdens in the form of expenses. Montoya v. McManus, 68 N.M. 381, 362 P.2d 771 (1961); State v. Carmody, 53 N.M. 367, 208 P.2d 1073 (1949); Albuquerque Gas & Electric Co. v. Curtis, 43 N.M. 234, 89 P.2d 615 (1939). At the time we made the writ permanent, we were, and still are, of the opinion that the accomplishment of justice between the parties compelled the exercise of our superintending control.

As shown by the above recited facts, Respondent granted Edward a divorce from Marie on the ground of incompatibility. This has been a ground for divorce in New Mexico since 1933. Section 22–7–1, N.M.S.A.1953. New Mexico was the first state to recognize incompatibility as a ground for divorce. It was taken from the Danish law in force in the Virgin Islands prior to their purchase by the United States from Denmark in 1917. Kirkpatrick, Incompatibility as a Ground for Divorce, 87 Marq.L.Rev. 453, 455 (1963–64). See also Annot., 58 A.L.R.2d 1218 (1958).

■ Either husband or wife may secure a divorce on the ground of incompatibility regardless of whether either, both or neither has been guilty of misconduct, and regardless of whether either, both or neither is at fault or to blame. Misconduct, fault or blame is of no significance, if in fact incompatibility exists. Bassett v. Bassett, 56 N.M. 739, 751, 250 P.2d 487, 495 (1952). See also Burch v. Burch, 195 F.2d 799, 808–810 (3d Cir. 1952).

Incompatibility is difficult, if not impossible, to define with exactness. We earlier declined an invitation to give an exact definition thereof. However, we did suggest that "irreconcilableness" is an important factor to be considered in deciding this issue. Poteet v. Poteet, 45 N.M. 214, 222, 114 P.2d 91, 96 (1941). The Respondent's finding on this issue, which was not disturbed by the amended decree and is in no way challenged, was that Edward and Marie are "irreconcilably incompatible."

■ Unless Edward has been deprived of his right to a divorce on the established ground of incompatibility by reason of the defense of recrimination, which we have assumed Marie pleaded and proved, it would appear inescapable that Respondent had no choice but to award Edward a divorce. This Court has not been entirely consistent in its views as to the validity and effectiveness of recrimination as a defense to divorce on the ground of incompatibility. See Chavez v. Chavez, 39 N.M. 480, 50 P.2d 264 (1935); Pavletich v. Pavletich, 50 N.M. 224, 174 P.2d 826 (1946); Clark v. Clark, 54 N.M. 364, 225 P.2d 147 (1950). However, in the recent case of Garner v. Garner, 85 N.M. 324, 512 P.2d 84 (1973), we held that the doctrine of recrimination as a defense is abolished in proceedings in which divorce is sought on the ground of incompatibility, and that evidence of recriminatory acts is admissible in such proceedings only insofar as it may be relevant to and weigh on the issue of incompatibility as a ground for divorce. Thus, the amended decree vacating the award of divorce to Edward on the ground of incompatibility cannot be justified on the basis of Marie's claimed defense of recrimination.

As already stated, Respondent found Edward and Marie to be "irreconcilably incompatible." The question then arises whether Respondent had the discretionary power to deny Edward a divorce after the existence of one of the expressly provided statutory grounds therefor had been established. The rule is stated as follows in one of the specially concurring opinions in Chavez v. Chavez, supra, at 484 of 39 N.M., at 266 of 50 P.2d: "It is, I believe, universally recognized that the Legislature has power to prescribe the causes affording grounds for divorce, and that where a statutory ground is shown to exist, the

**578**

court has no discretionary right to deny a divorce."

To the same effect see Kennon v. Kennon, 150 Me. 410, 111 A.2d 695 (1955); Reddington v. Reddington, 317 Mass. 760, 59 N.E.2d 775 (1945); Billion v. Billion, 137 Or. 622, 1 P.2d 1108, 3 P.2d 1113 (1931); Lucich v. Lucich, 75 Cal.App.2d 890, 172 P.2d 73 (1946); Willis v. Willis, 274 S.W.2d 621 (Mo.Ct.App.1954); Annot., 74 A.L.R. 271 and cases cited therein in support of the general rule (1931); 24 Am. Jur.2d, Divorce and Separation, § 416 at 540-41.

■ The trial court, having found Edward and Marie to be incompatible, having awarded a divorce on that ground, and not having vacated that finding, lacked discretion and power to vacate the award.

The action of this Court in entering the writ of superintending control is hereby reaffirmed.

It is so ordered.

McMANUS, C. J., and STEPHENSON, MONTOYA and MARTINEZ, JJ., concur.