888 P.2d 455

Jannel M. VIGIL, Petitioner–Appellee,

v.

Glenn HABER, Respondent–Appellant.

No. 21187.

Supreme Court of New Mexico.

Dec. 22, 1994.

The Frith Law Firm, Gilbert Houston Frith and Vickie L. Audette, Santa Fe, for appellant.

Patrick R. Brito, Santa Fe, for appellee.

## OPINION

FRANCHINI, Justice.

Glenn Haber appeals from an order adjudging that Haber's former fiancée, Jannel M. Vigil, should be given permanent possession of an engagement ring she received from Haber. We hold that the ring was a conditional gift dependent upon the parties' marriage, that the question of whose fault it was that the engagement was broken is irrelevant, and that therefore the ring should be returned to Haber.

*Facts and proceedings.* Haber and Vigil exchanged engagement rings in February 1992. Unfortunately, their relationship deteriorated and each accused the other of threats and assaults. In May 1992 the couple separated and Vigil filed for a temporary order of protection. A special hearing commissioner resolved all protection issues and determined that the parties should return the rings they had given to each other. Haber immediately returned the ring he had, along with some of Vigil's other possessions. At a later hearing, however, Vigil objected to returning the engagement ring Haber had given to her. The commissioner instructed the Santa Fe Police to hold the ring until the dispute was resolved and referred the matter to the district court.

Haber filed a motion in district court for an order to release the ring to him. After a hearing, the court determined that Vigil canceled the wedding plans but that she justifiably did so because of Haber's misconduct. The court then ordered that Vigil should keep the ring because Haber caused the failure of the condition (marriage) upon which the gift was based.

■ *Jurisdiction is proper in this Court.* Vigil first argues that this Court lacks jurisdiction to hear the appeal of the order. Vigil asserts that because neither Vigil nor Haber cited breach of contract as a cause of action in the proceedings below, this is only a domestic relations matter that should be reviewed by the Court of Appeals. Vigil relies on *In re Estate of Bergman,* 107 N.M. 574, 761 P.2d 452 (Ct.App.1988). *Bergman,* however, is distinguishable. In that case, a dispute over an oral contract arose during the course of informal probate proceedings in which no complaint had been filed. *Id.* at 576, 761 P.2d at 454. Therefore, *"[u]nder these circumstances,* there [was] no contract 'count' within the meaning of the appellate rule" and the appeal was properly before the Court of Appeals to determine whether a contract existed. *Id.* (emphasis added). In this case, Haber's motion alleges that the dispute "arises from a marriage proposal." Marriage is a civil contract between two consenting adults. NMSA 1978, § 40-1-1 (Repl. Pamp.1994). Thus, although Haber's motion was not technically a complaint with an express "count" alleging breach of contract, in essence it sounds in contract and the trial court's final order is properly reviewable by this Court.

■ *Determination of the ownership of an engagement gift does not require a finding of who caused breakup of the engagement.* The issue raised in this case is one of first impression in New Mexico. In determining who should be granted possession of an engagement ring in cases in which the marriage has not occurred, courts in other states have used a rationale "based upon a contract theory, i.e., the ring is a symbol of an agreement to marry. If that agreement is not performed, then the parties should be restored to the status quo." *Spinnell v. Quigley,* 56 Wash.App. 799, 785 P.2d 1149, 1150 (1990). Using a kind of equitable estoppel, some courts at common law have created a policy exception to the rule that engagement gifts should be returned. Under this exception, if the marriage is not finalized because the donor breached the marriage agreement, the donor may not benefit from his breach by regaining the ring given as an engagement gift. The rationale for the exception is that

" '[n]o man should take advantage of his own wrong.' " *Id.* (quoting *Mate v. Abrahams,* 62 A.2d 754, 755 (N.J.1948). The practice of determining possession based upon fault is the majority rule. *Aronow v. Silver,* 223 N.J.Super. 344, 538 A.2d 851, 852 (Ct.Ch.Div. 1987). However, application of this rationale makes changing one's mind about the choice of a marriage partner legally wrong unless the court determines that the donor was justified in changing his or her mind. *See Spinnell,* 785 P.2d at 1150.

Following a modern trend, legislatures and courts have moved toward a policy that removes fault-finding from the personal-relationship dynamics of marriage and divorce. New Mexico was the first state to legislatively recognize "no-fault" divorce. *State ex rel. DuBois v. Ryan,* 85 N.M. 575, 577, 514 P.2d 851, 853 (1973); *see* NMSA 1978, § 40–4–1(A) (Repl.Pamp.1994) (stating grounds for divorce includes incompatibility). When determining whether a divorce should be granted on grounds of incompatibility, fault is not relevant to the determination. *DuBois,* 85 N.M. at 577, 514 P.2d at 853. "[U]sually the conduct of both spouses contributes to the failure of a marriage[;] . . . establishing guilt and innocence is not really useful." *Dixon v. Dixon,* 107 Wis.2d 492, 319 N.W.2d 846, 851 (1982). We agree with the court in *Brown v. Thomas,* 127 Wis.2d 318, 379 N.W.2d 868, 873 (Ct.App.1985), *cert. denied,* 127 Wis.2d 572, 383 N.W.2d 64 (1986), that the policy statements that govern "our approach to broken marriages [are] equally relevant to broken engagements." *See also Gaden v. Gaden,* 29 N.Y.2d 80, 323 N.Y.S.2d 955, 962, 272 N.E.2d 471, 476 (1971) (holding that the question of fault or guilt is irrelevant to the breaking of an engagement and subsequent duty to return gifts given in anticipation of marriage).

In *Gaden,* the court stated that the result of basing entitlement to keep engagement gifts on the fault of another would "encourage every disappointed donee to resist the return of engagement gifts by blaming the donor for the breakup of the contemplated marriage, thereby promoting dramatic courtroom accusations and counter-accusations of fault." *Id.* That is exactly what happened in

this case. In attempting to prove that her cancellation of the marriage was justified, Vigil introduced testimony that Haber had physically abused her. Haber testified that Vigil made her own contributions to the domestic conflict. The trial court stated that it would not find that one side was lying and one side was telling the truth, but ultimately determined that it was Haber's fault that the engagement was broken. The court applied the exception to the common-law principle that the parties should be returned to the status quo, but the court also ordered Vigil to pay to Haber the value of the ring Haber had returned to her, which was approximately $500.00.

■ We agree that "fault, in an engagement setting, cannot be ascertained," *Aronow,* 538 A.2d at 853, and follow the lead of Iowa, New Jersey, New York, and Wisconsin in holding that when the condition precedent of marriage fails, an engagement gift must be returned. *See Fierro v. Hoel,* 465 N.W.2d 669, 672 (Iowa Ct.App.1990) (holding engagement ring is inherently conditional and rejecting any fault approach to determining whether the ring should be returned to the donor); *Aronow,* 538 A.2d at 854; *Gaden,* 272 N.E.2d at 476; *Brown,* 379 N.W.2d at 873; *see also* John D. Perovich, Annotation, *Rights in Respect of Engagement & Courtship Presents When Marriage Does Not Ensue,* 46 A.L.R.3d 578, § 2[b], at 583–84, § 12.5, at 92 (1972 & Supp.1994) ("[A]pplication of fault concepts . . . is inconsistent with the modern trend toward the abandonment of fault in domestic relations cases and other actions. . . . [T]he only relevant inquiry in such cases is whether the condition under which the gift was made has failed."). "If the wedding is called off, for whatever reason, the gift is not capable of becoming a completed gift and must be returned to the donor." *Fierro,* 465 N.W.2d at 672. Of course, this holding has no application to those situations in which the parties have agreed in advance to the final disposition of engagement gifts; those gifts, by agreement, are not conditioned upon marriage. Likewise, this holding has no bearing on post-breakup settlement agreements.

*Conclusion.* It is uncontroverted that the engagement ring was given to Vigil on condition and in contemplation of marriage. The condition having failed, Haber is entitled to return of the ring and Vigil is not required to pay to Haber the value of the ring that he returned to her. The order of the trial court is vacated and we remand for entry of an order releasing the ring to Haber.

IT IS SO ORDERED.

BACA, C.J., and MINZNER, J., concur.