IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

INARA CEDRINS,

    Petitioner-Respondent,

v.                                          **NO. 29,242**

RAMESH SHRESTHA,

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara Vigil, District Judge**

Inara Cedrins
Cerrillos, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Petitioner is appealing, pro se, from a district court final decree of divorce. We issued a calendar notice proposing to affirm. Petitioner has filed a memorandum in opposition. Not persuaded by Petitioner's arguments, we affirm the district court judgment.

**Issues 1-2:** Petitioner continues to challenge the alleged refusal of the district court to consider the immigration history and implications on the parties' marriage, and she claims that the marriage was the result of Respondent's fraudulent intentions.

[MIO 1]  Based on this general allegation, Petitioner has made multiple contract and tort claims against Respondent and other parties.  [DS 1; 2-8; MIO 1-2]  Petitioner is seeking money damages and claims that Respondent violated federal law.  [DS 13]  However, New Mexico is a "no-fault" divorce state, meaning that we have removed fault-finding from the personal-relationship dynamics of marriage and divorce.  *See State ex rel. DuBois v. Ryan*, 85 N.M. 575, 577, 514 P.2d 851, 853 (1973); *see* NMSA 1978, § 40-4-1(A) (1973) (stating grounds for divorce includes incompatibility).  When determining whether a divorce should be granted on grounds of incompatibility, fault is not relevant to the determination.  *DuBois*, 85 N.M. at 577, 514 P.2d at 853.  Here, we believe that the district court properly limited its consideration to whether the petition for divorce should be granted, in that the numerous contract and tort claims are matters outside the scope of this proceeding.  Similarly, any issue relating to Respondent's immigration status and any violation of federal law is outside the scope of these proceedings.

**Issue 3:**  Petitioner continues to argue that she did not have adequate legal counsel.  [MIO 2]  However, Defendant was not constitutionally entitled to counsel in this civil proceeding, and the adequacy of counsel does not affect our review.  *See Archuleta v. Goldman*, 107 N.M. 547, 552, 761 P.2d 425, 430 (Ct. App. 1987).

**Issue 4:**  In her docketing statement, Petitioner claimed that she was unable to

complete discovery. [DS 1; 9] Our calendar notice observed that Petitioner has not indicated that she timely preserved this issue, *see* Rule 12-216(A) NMRA, has not established that the trial court erred in refusing to compel discovery or impose sanctions, *see Estate of Romero ex rel. Romero v. City of Santa Fe*, 2006-NMSC-028, ¶ 6, 139 N.M. 671, 137 P.3d 611, and has not established prejudice because this discovery appears to be related to the various allegations that were not germane to the divorce decree itself. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). In her memorandum in opposition, Petitioner claims that she did not know how to bring this evidence before the court. [MIO 2] However, pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel. *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84. In the absence of any indication that the trial court erred, we will not reverse for new proceedings.

**Issue 5:** Petitioner has raised a claim that either Respondent's attorney or the court was at fault for failing to inform her that it was time for her to come into the courtroom and that her absence resulted in the inability to present or comment on evidence. [MIO 2-3. The record reflects that Petitioner informed the district court that she had appeared at the hearing, but had waited outside to be called. [RP 160] The judgment indicates that the district court determined that Petitioner had been

3

given notice and failed to appear. [RP 189] We believe that the district court essentially rejected Petitioner's credibility with respect to the reason for her alleged lack of participation in the hearing, and we defer to this determination on appeal. *See Fierro v. Murphy*, 85 N.M. 179, 510 P.2d 112 (Ct. App. 1973) ("It is the function of the fact finder to weigh the evidence and decide on the credibility of witnesses.").

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**