IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                      NO. 27,234

JACKSON OREN GARDNER,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Thomas J. Hynes, District Judge

Gary K. King, Attorney General
Santa Fe, NM

Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Joseph P. Walsh, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant Jackson Oren Gardner appeals his convictions for possession of methamphetamine and possession of drug paraphernalia. On appeal, Defendant

contends that (1) the district court erred in admitting the laboratory report of a forensic scientist into evidence, (2) the district court improperly prohibited him from pursuing a relevant line of questioning with the forensic scientist regarding the quality and quantity of the methamphetamine tested, and (3) the State failed to present evidence sufficient to support his convictions. We affirm.

**BACKGROUND**

In February 2006, the Farmington Police Department's dispatch contacted Sergeant Keith McPheeters and informed him that Defendant was inside a retail store in Farmington and had an outstanding arrest warrant. Sergeant McPheeters then located Defendant and arrested him. While performing a search incident to arrest, Sergeant McPheeters discovered that Defendant was carrying a small tin container that held a substance that he presumed to be methamphetamine. Sergeant McPheeters also discovered that Defendant was carrying plastic baggies, a small scale, and a long glass pipe. Defendant was subsequently charged with possession of methamphetamine and possession of drug paraphernalia.

At trial, James Midkiff, a forensic scientist employed at the Northern Forensic Laboratory of the New Mexico Department of Public Safety, testified regarding the analysis that he performed on the substance that Sergeant McPheeters confiscated

from Defendant. Midkiff provided testimony about the procedure that he implemented in creating drug analysis reports, and then the State moved to admit Midkiff's laboratory report regarding the substance that Sergeant McPheeters found in Defendant's possession. Defendant initially objected on the grounds of lack of foundation, relevance, and hearsay. The district court admitted the laboratory report under the business records exception to the hearsay rule, *see* Rule 11-803(F) NMRA, and Midkiff proceeded to testify about the tests that he performed on the substance found in Defendant's possession and concluded that it was 0.11 grams of methamphetamine.

Following Midkiff's testimony on direct examination, the jury was temporarily excused, and Defendant reiterated his request to the district court to cross-examine Midkiff regarding the topic of quantitative testing. Although the district court denied Defendant's request, concluding that testimony regarding Midkiff's failure to quantitatively test (in other words, test the purity of) the substance that he determined to be methamphetamine would only serve to confuse the jury, Defendant was permitted to make an offer of proof outside the presence of the jury. Defendant's offer of proof indicated that Midkiff's laboratory does not perform quantitative testing to determine the percentage of purity of the substances that it tests, that Midkiff did

not believe that quantitative testing would have "increased scientific reliability," and that Midkiff only tested the substance found in Defendant's possession to determine if it was a controlled substance of any percentage of purity. Following Defendant's offer of proof, the jury returned to the courtroom, and Defendant was permitted to cross-examine Midkiff on topics other than his failure to perform quantitative testing.

Ultimately, the jury convicted Defendant of possession of methamphetamine and possession of drug paraphernalia. This appeal followed.

**ADMISSIBILITY OF LABORATORY REPORT**

Defendant first argues that the district court erred in admitting Midkiff's laboratory report into evidence because it constituted inadmissible hearsay. "We review the admission of evidence under an exception to the hearsay rule with deference to the trial court's discretion; we review to determine whether there has been an abuse of discretion." *State v. McClaugherty*, 2003-NMSC-006, ¶ 17, 133 N.M. 459, 64 P.3d 486. We will not conclude that the district court "abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Mora*, 2003-NMCA-072, ¶ 8, 133 N.M. 746, 69 P.3d 256 (internal quotation marks and citation omitted).

The district court admitted Midkiff's laboratory report into evidence under the

business records exception to the hearsay rule. *See* Rule 11-803(F). The business records exception to the hearsay rule provides that the following documents are admissible:

> A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness[.]

*Id.* The rule further provides that the exception is not to be applied if the "source of information or the method or circumstances of preparation indicate lack of trustworthiness." *Id.* On appeal, Defendant principally argues the inapplicability of the public records exception to the hearsay rule. The public records exception permits the admission of "[r]ecords, reports, statements or data compilations, in any form, of public offices or agencies" that set forth "the activities of the office or agency" or "matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel." Rule 11-803(H)(1)-(2).

In *State v. Christian*, 119 N.M. 776, 778, 895 P.2d 676, 678 (Ct. App. 1995), *limited on other grounds by State v. Ruiz*, 120 N.M. 534, 537, 903 P.2d 845, 848 (Ct.

5

App. 1995), this Court held that a blood alcohol report created by an employee of the Scientific Laboratory Division of the New Mexico Department of Health was admissible under both the business records and public records exceptions to the hearsay rule. Defendant essentially offers no argument against the admission of the report as a business record based on the plain language of Rule 11-803(F), and our review of the trial transcript revealed that, as in *Christian*, a sufficient foundation for that exception was laid and that there was no indication elicited at trial that called into question the trustworthiness of Midkiff's laboratory report. *See Christian*, 119 N.M. at 780-81, 895 P.2d at 680-81. As in *State v. Delgado*, 2009-NMCA- ___, ¶ 10, ___ N.M. ___, ___ P.3d ___ (No. 27,192, May 14, 2009), the crux of Defendant's argument is that the district court's admission of Midkiff's laboratory report into evidence was reversible error because it "allow[ed] the State to prove its case through a report generated by a police agency during the investigation under the guise of an ordinary business record." *See Delgado*, 2009-NMCA- ___, ¶ 10. However, as we stated in *Delgado*, even if we were to accept Defendant's assertion that Northern Forensic Laboratory of the New Mexico Department of Public Safety is a "police agency," *Christian* expressly dictates that "even documents prepared by the state police crime laboratory can satisfy the public records exception where an adequate

6

foundation for reliability is laid." *Christian*, 119 N.M. at 781, 895 P.2d at 681; *see Delgado*, 2009-NMCA- ___, ¶ 11. As we have noted above, Defendant offers no compelling argument alleging that an improper foundation for Midkiff's laboratory report was laid or that the report was in any way unreliable. We therefore conclude that the district court did not abuse its discretion in admitting Midkiff's laboratory report into evidence.

**EXCLUSION OF QUANTITATIVE TESTING TESTIMONY**

Defendant next argues that the district court erred in prohibiting him from cross-examining Midkiff in front of the jury regarding the lack of quantitative testing on the substance confiscated from Defendant. Although Defendant seems to suggest in his brief in chief that the district court prevented any and all testimony concerning Defendant's assertion that the sample that Midkiff tested had been contaminated, it appears that the only testimony of Midkiff that the district court excluded was testimony concerning the specific subject of quantitative testing.

A district court is permitted to exclude, sua sponte, the testimony of a witness, provided that the parties are first informed of the decision and the district court's "specific concerns" so that the proponent of the evidence is afforded "a fair opportunity to respond to the court's concerns and to make the necessary offer of

proof." *State v. Balderama*, 2004-NMSC-008, ¶ 20, 135 N.M. 329, 88 P.3d 845. We review such an exclusion for an abuse of discretion and consider whether "the ruling is clearly against the logic and effects of the facts and circumstances of the case, is clearly untenable, or is not justified by reason." *Id.* ¶ 22. In undertaking our review, we must consider whether the excluded testimony was relevant and, if relevant, whether the reason given by the district court for the exclusion was proper. *Id.*

This issue arose at trial following the State's direct examination of Midkiff and after the jury had been dismissed for a brief recess. In response to Defendant's request, the district court informed Defendant that he would not be permitted to cross-examine Midkiff on the topic of quantitative testing because such questioning would "do nothing but confuse the jury." However, the district court permitted Defendant to make an offer of proof so that he could make a record for appeal.

According to Midkiff's responses during Defendant's offer of proof, quantitative testing can be performed to determine "the percentage of purity" of a tested substance. Midkiff also stated that although the Southern Forensic Laboratory receives federal funding to perform quantitative testing, such testing is not performed at the Northern Forensic Laboratory. Finally, Midkiff stated that he tested the substance confiscated from Defendant for "any" presence of methamphetamine and

that performing quantitative testing would not have led to "increased scientific reliability."

We interpret the district court's concern that testimony regarding quantitative testing would "confuse the jury" as an invocation of Rule 11-403 NMRA. Rule 11-403 allows for the exclusion of otherwise relevant evidence if, among other things, the danger of "confusion of the issues or misleading the jury" substantially outweighs the probative value of the offered evidence. Based on our review of Midkiff's testimony during Defendant's offer of proof, we cannot say that the district court abused its discretion in excluding testimony regarding quantitative testing. It appears that Midkiff's lack of quantitative testing had absolutely no bearing on whether the substance confiscated from Defendant was, in fact, determined to be methamphetamine. As the district court noted, a determination of the percentage of purity of the methamphetamine found in the substance tested, as long as some amount of methamphetamine was discovered, would have been irrelevant for purposes of Defendant's criminal liability. *See* NMSA 1978, § 30-31-23(D) (2005). Furthermore, we note that Defendant was permitted to undertake a lengthy cross-examination of Midkiff in which he primarily focused on Midkiff's alleged inadequacies in performing the tests on the substance confiscated from Defendant in furtherance of his

9

theory that the substance had become contaminated with trace amounts of methamphetamine while in the laboratory. We conclude that the district court did not abuse its discretion.

**SUFFICIENCY OF THE EVIDENCE**

Finally, Defendant argues that the evidence presented at his trial was insufficient to support his convictions. In addressing Defendant's argument, "[w]e must view the evidence in the light most favorable to the State, resolving all conflicts and indulging all permissible inferences in favor of the verdict[s,]" and we must conduct our review "to determine whether *any* rational jury could have found the essential facts to establish each element of the crime[s] beyond a reasonable doubt." *State v. Reed*, 2005-NMSC-031, ¶ 14, 138 N.M. 365, 120 P.3d 447.

Defendant was convicted of one count of possession of methamphetamine, *see* § 30-31-23(D), and one count of possession of drug paraphernalia, *see* NMSA 1978, § 30-31-25.1(A) (2001). At Defendant's trial, Sergeant McPheeters testified that he found a long glass pipe, plastic baggies, a digital scale, and a small tin container that held a "crystalline substance." Next, Midkiff testified that he performed tests on the substance found in the tin container and that he concluded that it was 0.11 grams of methamphetamine. The jury subsequently considered the evidence and concluded that

Defendant knowingly possessed methamphetamine and drug paraphernalia. Defendant offers no explanation in support of an argument that no rational jury could have found him guilty on both counts. Therefore, considering the evidence in the light most favorable to the verdicts, we conclude that Defendant's convictions were adequately supported by the evidence presented at his trial.

**CONCLUSION**

We affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**CELIA FOY CASTILLO, Judge**