This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CHARLES D. HOBSON,**

Petitioner-Appellant,

**v.**                                        **No. 33,674**

**GLORIA HOBSON,**

Respondent-Appellee,

and

**HUMAN SERVICES DEPARTMENT,**

Intervenor.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Ann Hadfield, District Judge**

Charles Hobson, Pro Se
Cedar Crest, NM

Pro Se Appellant

Nathaniel Puffer
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Respondent filed a docketing statement, appealing from the district court's memorandum order dissolving the marriage between Respondent and Petitioner. This Court issued a calendar notice proposing to affirm, and Respondent has filed a memorandum in opposition. Having given due consideration to the memorandum in opposition, we remain unpersuaded and affirm the district court's memorandum order dissolving the marriage.

{2}     In this Court's calendar notice, we noted that New Mexico is a "no-fault" divorce state, *Nelson v. Nelson*, 1994-NMCA-074, ¶ 18, 118 N.M. 17, 878 P.2d 335, in which a court may order the dissolution of a marriage on the request of either party and upon a finding of incompatibility. [CN 3] We explained that Respondent affirmatively requested dissolution of marriage in her response to the petition for legal separation, which is a permissible counterclaim under Rule 1-013(B) NMRA. [CN 3] Because Respondent requested dissolution of marriage, the hearing officer's Report stated that the marriage should be legally dissolved due to incompatibility, the district court adopted the report, and Petitioner did not appeal the finding of incompatibility, we concluded that the district court was required to grant Respondent's request for dissolution of marriage. [CN 4]

{3}     In response, Petitioner asserts that he implicitly appealed the district court's finding of incompatibility and that the finding was not "delineated clearly or

otherwise." [MIO 2] Petitioner further argues that, although New Mexico is a no-fault state, incompatibility must exist if a divorce is granted on grounds of incompatibility. [MIO 4] Finally, Petitioner contends that a full review of the record would show that there is not incompatibility and therefore requests placement on the general calendar. [MIO 4–5]

{4} As we explained in our calendar notice, in New Mexico, "[o]n the petition of either party to a marriage, a district court may decree a dissolution of marriage on any of the following grounds: incompatibility[.]" *See* NMSA 1978, § 40-4-1(A) (1973). [CN 3] Respondent requested dissolution on the grounds of incompatibility [CN 3; RP 23], and the district court entered a finding of incompatibility between the parties [CN 4], thereby satisfying Section 40-4-1(A). *See id.*; *State ex rel. DuBois v. Ryan*, 1973-NMSC-097, ¶ 13, 85 N.M. 575, 514 P.2d 851 ("Either husband or wife may secure a divorce on the ground of incompatibility."); *see also Hakkila v. Hakkila*, 1991-NMCA-029, ¶ 21, 112 N.M. 172, 812 P.2d 1320 (stating that it is New Mexico's public policy to "avoid inquiry into what went wrong in a marriage").

{5} To the extent Petitioner is arguing that there was insufficient evidence for a finding of incompatibility [MIO 4], we remain unpersuaded. When reviewing a district court's finding for sufficiency of the evidence, "the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable

inferences in support of the prevailing party." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. "The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Id.* "Additionally we will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Id.*

**{6}** As stated above, Respondent requested dissolution on the grounds of incompatibility—in other words, Respondent asserts that the parties are incompatible. Although Petitioner asserts that there is simply a "temporary state of alienation" [MIO 2] between the parties, not incompatibility, Petitioner's assertion contrasted against Respondent's assertion simply presents a conflict in testimony and/or evidence that the district court was entitled to resolve. *See id.*; *see also Weidler v. Big J Enters., Inc.*, 1998-NMCA-021, ¶ 30, 124 N.M. 591, 953 P.2d 1089 ("In reviewing a sufficiency of the evidence claim, this Court views the evidence in a light most favorable to the prevailing party and disregards any inferences and evidence to the contrary." (alteration, internal quotation marks, and citation omitted)). After review of the pleadings and arguments from the parties, the district court resolved the conflict as to whether there was incompatibility in favor of Respondent, and we defer to the district court's resolution. *See Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498,

4

953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact.").

{7} Moreover, as indicated in our calendar notice, the facts and background asserted by Petitioner in his docketing statement support the district court's finding of incompatibility. [CN 4] Petitioner alleged that Respondent abandoned the marriage, permanently relocated to a different state, and denied Petitioner the right to communicate with his children. [DS 1] Petitioner also stated that Respondent petitioned for and was granted both a temporary order of protection and an order of protection from domestic abuse against Petitioner. [DS 2] Petitioner further stated that Respondent claimed that Petitioner physically, mentally, and emotionally abused her for twenty years. [DS 2] Petitioner additionally explained that he was arrested and incarcerated twice on Respondent's allegations that Petitioner violated the order of protection, the second time resulting in a sentence of approximately eighteen months, during which Respondent made further allegations that Petitioner violated the order of protection. [DS 4, 5, 6] Respondent's allegations, whether proven true or not, indicate that, at the very least, Respondent believed the relationship was incompatible. Such allegations combined with Respondent's request for dissolution of marriage on the grounds of incompatibility were sufficient to support the district court's finding of incompatibility. *See Weidler*, 1998-NMCA-021, ¶ 30 ("In reviewing a sufficiency

of the evidence claim, this Court views the evidence in a light most favorable to the prevailing party and disregards any inferences and evidence to the contrary." (alteration, internal quotation marks, and citation omitted)).

**{8}** Although Petitioner disputes certain facts, we resolve such disputes on appeal in favor of the successful party—here, Respondent. *See Las Cruces Prof'l Fire Fighters*, 1997-NMCA-044, ¶ 12. And although Petitioner asserts that evidence exists to support a finding that there was *not* incompatibility, we will not consider such evidence on appeal, but instead only consider whether evidence existed to support the finding of incompatibility. *See id.* Whether on the summary calendar or the general calendar, we will not re-weigh the evidence, and we will not substitute our judgment for that of the fact finder—here, the district court. *See id.* Accordingly, we conclude that the district court's finding of incompatibility is supported by sufficient evidence.

**{9}** For the reasons stated above and in this Court's notice of proposed disposition, we deny Petitioner's request to place this case on the general calendar and affirm the memorandum order dissolving the marriage between Respondent and Petitioner.

**{10}** **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**J. MILES HANISEE, Judge**